HENRY WILLIAMS, *Appellant,* v. CHARLES W. RICHARDSON, AND CHARLES E. SMITH, *Appellees.*

Opinion Filed November 4, 1913.

1. Where a judicial record has been destroyed by fire, and the parties interested in it have no copy thereof in their possession or control, its contents may be established by parol testimony.

2. The grantee of the successful plaintiff in ejectment, in possession thereunder, is entitled to an injunction against one committing trespass upon the realty whose sole claim of title is under the unsuccessful defendant in ejectment.

Appealed from Circuit Court, Duval County; R. M. Call, Judge

Decree affirmed.

*Geo. U. Walker & Son,* and *Carter & McCollum,* for Appellant.

*Powell & Pelot* and *W. M. Bostwick, Jr.,* for Appellees.

HOCKER, J.—On the 20th of January, 1906, appellees filed their bill against appellant in the Circuit Court of Duval County, Florida, the material allegations of which, summarized, are:

1.   That the complainants and defendant were citizens of Duval County, Florida; that at the time of commission of the acts and doings complained of complainants were, and still are, and have ever since been the absolute owners in fee simple and in the actual possession of a piece or lot of land in the City of Jacksonville, Duval County, Florida, described as all of the East one hundred (100) feet of Block one (1), and fourteen (14), in Warren according to a plat recorded in Book A O of Deeds on page 24 O of the former public records of said Duval County.

3.   That complainants purchased said property from Erastus B. Treat and Flora D. Treat, his wife, as appears by deed dated 2nd of May, 1905, filed as part of the bill as Exhibit "A".

4.   That Treat became the owner of said property by mesne conveyances from the United States of America as more fully appears by two abstracts of title to said property filed as Exhibits "B" and "C" and made parts of the bill.

5.   That on the 2nd of May, 1905, upon the execution and delivery of the deed to said property to complainants they were placed in the actual possession of said premises by the agent of Treat, who was then in the actual possession of the same, and thereupon complainants proceeded to clear said land, to cut and remove the underbrush and timber therefrom, to rebuild and repair the fence

around said property which had become decayed and broken, and commenced and have ever since continued to fill in the low places upon said premises, and to otherwise exercise continuously, with the exception of interruptions by the defendant, acts of actual possession upon and over said premises, and are still continuing in actual possession of said premises, and in the exercise of such acts of possession.

6.   That on or about the 12th of December, A. D. 1905, defendant Henry Williams, without warrant of law, and in violation of orators rights, entered upon said premises, threw down a portion of orators fence, and committed other depredations thereon, and thereafter about the 13th of December, 1905, and at divers other times before and since the last mentioned date, has again thrown down portions of orators fence surrounding said premises, and has threatened the servants of orators at work on said premises with personal violence and bodily harm, such threats being made by defendant with force and show of arms, without warrant of law, and has threatened to continue to so interrupt the peaceable possession of orators in said premises, and to continue to harass and annoy the servants of orators, and orators have reason to believe and fear and do believe and fear that unless restrained by order and decree of this court, that defendant will continue said interruptions and disturbances to the manifest wrong and irreparable injury of orators.

7.   That complainants purchased said property for the purpose of dividing same into lots and selling same at present advantageous prices prevailing in Jacksonville and that to accomplish this to best advantage it became necessary to fill in part of said premises with sand; that orators have a present opportunity to procure sufficient sand at a low price upon condition that they remove it

immediately, and unless defendant is restrained from interfering with the possession of orators of said premises and from interrupting and frightening orators' servants engaged in the work of filling in the premises, orators will be unable to retain said servants in said work and will be forced to discontinue the work, and the opportunity to avail themselves of cheap sand, and to promptly fill in 'and market the property to advantage will be lost, and as the damages is not susceptible of accurate compensation in money, the injury will be irreparable.

8. That by reason of the fact that the amount of sand required to fill in said premises is not susceptible of accurate compensation, and is to be obtained from excavations now being made and must be carried on with dispatch, and it is impossible to accurately compute the amount of damage which will result to orators by being prevented from promptly marketing said lots, unless immediate relief is afforded by injunction, the threatened injury · already partly inflicted upon orators will actually occur and become irreparable, and orators allege that said defendant has not sufficient property out of which he could be made to respond in damages, and orators would suffer a total loss.

9. That orators have caused defendant to be arrested and committed for the trespasses aforesaid, but in spite of this fact he has given bond and has returned and continued said trespasses, and threatens to continue same indefinitely.

10. Orators allege that the acts of defendant Williams in the premises are without warrant of law, but that the same are committed ostensibly under and by virtue of a certain deed from one Anna Thomas to defendant, a certified copy of which is filed herewith marked Exhibit

"D" and prayed to be taken as a part of the bill. This deed is dated 12th of February, A. D. 1900.

11. That said deed from Anna Thomas to defendant does not describe the premises in question, have any reference thereto, or purport to convey any title to, or interest in, the same, but describes other property.

12. That said Anna Thomas was at one time in possession of a part of said premises, and that Erastus B. Treat, the predecessor in title to your orator, or to-wit, prior to the 6th day of April, 1895, brought an action in ejectment against said Anna Thomas, which action resulted in a judgment in favor of the plaintiff, as appears more fully in that certain abstract of title attached hereto as Exhibit "C" as part of this bill; that the records of the Circuit Court of Duval County, were destroyed by fire on the 3rd day of May, 1901, and complainants have not in their possession, custody or control, any copy of or other memorandum of said judgment other than the memorandum contained in said abstract, and complainants are entitled to have said judgment re-established as part of the muniments of their title to the premises aforesaid.

13. Complainants allege that after the rendition of the judgment in ejectment against Anna Thomas, she was removed from the premises by writ of possession, which writ was also destroyed by fire aforesaid, and that complainants have not in the possession, control or custody of either of them, any memorandum thereof except that contained in the abstract heretofore referred to.

14. That when Anna Thomas was removed from the possession of said premises the same was taken possession of by an agent of Treat, who rented the house thereon until it become decayed and was removed a short time before the premises were conveyed by Treat to com-

plainants, and that during said time Treat remained in possession of the premises which were partly under fence, and that Treat placed orators in possession thereof when he conveyed the premises to complainants.

15. That the said deed from Anna Thomas to defendant is void because it does not describe the premises in question, or any part thereof, because she was estopped by the judgment in ejectment referred to from claiming any title to the premises, and because she was not in possession of the premises when she made the deed to Williams.

16. Complainants allege actual possession of the premises, that their title has been established by law, that defendant is estopped to claim or assert any title to or interest in the premises, and that the injury apprehended by complainants as aforesaid will be done if an immediate remedy is not afforded.

The bill then prays for a reference to a Master to ascertain the truthfulness of its allegations; that pending the investigation defendant Williams, his servants and agents be enjoined until the further order of the court from interfering with, interrupting, or in any manner hindering or disturbing complainants in the possession and enjoyment of the premises, for subpoena, etc.

Sundry affidavits tending to sustain the allegations of the bill were filed, and on the 20th day of January, 1906, the Circuit Judge granted a temporary injunction in accordance with the prayer of the bill, without notice to the defendant.

On the 5th of March, 1906, the defendant filed a demurrer to the bill on five grounds, in substance: First, that the bill is multifarious; second, that the bill is without equity; third, that the 13th paragraph of the bill

refers to Exhibit "C", and abstract of title, to sustain the allegation that Anna Thomas was ejected from the premises under a writ of possession, and the abstract contradicts said allegations; fourth, that there is nothing in the bill which shows complainants title has been established at law as alleged; fifth, that no estoppel against defendant to assert title to the premises is alleged.

This demurrer was overruled by the Circuit Judge.

The defendant also on the same date answered the bill. Answering the second paragraph of the bill *it is charged* on information and belief that complainants were and are not absolute owners in fee of the land involved, and on the contrary alleges that defendant is the owner in fee simple of said land. Denies actual possession by complainants, and alleges actual and constructive possession in himself since the 12th of February, A. D. 1900, the date of the deed from Anna Thomas to himself.

In answer to the third and fourth paragraphs of the bill it is denied that Treat became the owner of said property by mesne conveyances from the United States of America as shown by Exhibits "B" and "C" of the bill, and it is alleged that said exhibits which are abstracts of title, show a patent to Solomon F. Halliday, and do not show that Halliday ever parted with said title.

In answer to the fifth paragraph of the bill it is denied that the agent of Treat placed complainants in possession of the said premises and it is alleged that on the 12th of February, A. D. 1900, Anna Thomas, then being in possession of said premises, both actually and constructively made a warranty deed to defendant of part of fractional lot 2, Section 12, Tp. 2 S. R. 26 East, on the East side of the Jacksonville and Panama Turnpike Road in Duval County, and placed him in possession of same, and of every part of the land involved in this suit, which

Anna Thomas had held and occupied by actual possession under fence, from about —— day of May, 1878, which she bought from Jack Parker, then the fee simple owner of same, and which he deeded to her on the 3rd of May, 1879, intending thereby to convey to her the land in suit, which she improved and occupied until 1896, when she removed her residence, but remained in possession of same until 1899, when her dwelling house was destroyed by fire, and that she remained in possession of the premises until the 12th of February, 1900, when she delivered possession to defendant Henry Williams, who remained in possession save when interrupted therein by J. R. Dunn, who claimed to be agent of complainants, and caused Williams to be arrested for alleged criminal trespass. This paragraph of the answer then proceeds to enlarge upon this feature of the case, and of alleged trespasses by Dunn upon the premises while defendant was in possession thereof.

The fourth paragraph of the answer denies the threats of violence contained in the sixth and seventh paragraph of the bill.

The fifth paragraph alleges the damages claimed are not irreparable and can be accurately or approximately computed.

The sixth paragraph alleges he had not trespassed on the premises, as the land belongs to him.

The seventh paragraph of the answer is a virtual restatement of his rights under the Anna Thomas deed.

The eighth paragraph of the answer denies the trial of the ejectment suit of Treat against Anna Thomas, and denies that a writ of possession was served on her.

The ninth paragraph of the answer alleges in substance that because the deed to Anna Thomas does not

16—Vol. 66

describe the premises is no reason why it is not a good deed.

The tenth paragraph of the answer denies that complainants' title has been established at law.

The eleventh paragraph of the answer alleges that the abstracts of title attached to the bill are not such as in law are given legal effect, and also alleges that Anna Thomas and defendant were in actual peaceable and notorious adverse as well as constructive possession of the premises.

Exceptions to parts of paragraphs 3, 6, 7, 8, and 11 of the answer as being impertinent and scandalous were sustained by the court.

We have endeavored to give the substance of the proceedings, and the rulings thereon. A replication was filed and a Master appointed to take testimony. On the hearing the Circuit Judge made a final decree in favor of complainants, and granted a permanent injunction against any interference or disturbance of complainants by the defendant in the enjoyment of the premises in dispute. An appeal was taken from this decree.

We have examined the record with care, and we discover therein no reversible error. Without going into a detailed discussion of each assignment of error, a few salient facts control and fix the rights of the parties in the premises. One assignment questions the ruling of the court permitting the complainants to show by parol testimony that Treat, the predecessor in title of complainants in 1895, brought an action of ejectment against Anna Thomas, who it is asserted by the defendant, conveyed the premises to defendant in A. D. 1900, to recover the possession of the premises from her. It is clearly shown that the judicial record of this suit was

destroyed by the great fire in the City of Jacksonville in 1901, and that complainants had no copy or memorandum thereof in their possession or control. Under these circumstances we think it legally competent for the complainants to establish the facts by parol testimony. McQueen v. Fletcher, 4 Rich. Eq. (S. C.) 152; Mandeville v. Reynolds, 68 N. Y. 528; Allen v. State, 21 Ga. 217, 68 Am. Dec. 457; Pruden v. Alden, 23 Pick. (Mass.) 184, 34 Am. Dec. 51; 17 Cyc. 523, and a large number of citations in Note 4.

The testimony of Senator D. U. Fletcher, who was Treat's attorney in the ejectment suit, shows clearly that the action of ejectment was brought by Treat in the Circuit Court of Duval County against Anna Thomas to recover the possession of the premises in dispute, that the case was tried, and upon the verdict in favor of the plaintiff in the suit a judgment in his favor was entered, that a writ of possession was issued and executed, and that Treat was placed in possession of the premises. Other witnesses corroborate this testimony. There is competent evidence tending to show that Treat sold and conveyed the premises to complainants in 1905, and placed them in possession thereof. There is competent evidence that Anna Thomas had not resided on the premises since she was ejected in 1895, that when she attempted to convey the premises to defendant in 1900, her claim to the property had been determined adversely to her five years before that time. She therefore had no title or interest in the property which she could convey to the defendant. It is perfectly evident from the testimony that when the bill was filed the defendant had no title to or interest in the property by deed or adverse possession, or otherwise. The evidence also shows that

he committed the trespasses substantially as they are alleged in the bill. The defendant having derived whatever rights he claims from Anna Thomas, was in privity with her, and is bound by the judgment against her. 23 Cyc. 1253; Lake v. Hancock, 38 Fla. 53, text 63, 20 South. Rep. 811. It is insisted that the bill is without equity. We think the allegations of title to and right of possession of the premises in the complainants are sufficient; that the trespasses complained of as having been committed and as threatened are not susceptible of complete ascertainment and pecuniary compensation in damages. Brown v. Solary, 37 Fla. 102. The allegation that defendant has no property out of which a judgment could be made is tantamount to an allegation of insolvency, even if such an allegation is essential in a case like this. These coupled with the other allegations of the bill, it seems to us, present a case for relief by injunction. There is evidence tending to establish the substantial allegations of the bill. Under these circumstances, we do not feel called upon to deal with technical assignments of error which do not affect the real merits of the case. On a careful examination we find no reversible error in this record, and, therefore, the final decree appealed from is affirmed at the cost of appellant.

SHACKLEFORD, C. J., AND TAYLOR, COCKRELL AND WHITFIELD, J. J., concur.