J. A. SMITH, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error.*

## Opinion filed May 18, 1916.

1.  While secondary evidence should not be admitted in *substitution* for primary evidence, yet where the evidence offered is primary or original in its character, it should not be excluded because there might have been introduced other primary evidence that is corroborative or stronger and more conclusive.

2.  Secondary evidence of the contents of records may be given when such records are destroyed.

3.  While all common law crimes consist of two elements—the criminal act or omission, and the mental element, commonly called criminal intent, it is within the power of the legislature to dispense with the necessity for a criminal intent, and to punish particular acts without regard to the mental attitude of the doer.

4.  A failure of a justice of the peace to pay over to the county treasurer within ten days after the receipt thereof of all fines collected by him as such magistrate, without excuse for such failure, is a violation of Section 4035 Gen. Stats. of 1906, and such failure whether the result of wilfulness or negli-

gence may be regarded as "malpractice in office" within the meaning of Section 3481 Gen. Stats. of 1906.

5.  The word "wilfully" as used in Section 3481 is a part of the definition of the offense of extortion, and does not by construction become an element of the offense of "any malpractice in office not otherwise especially provided for," condemned in the same section.

6.  Where a sentence pronounced in a criminal case is not in substantial compliance with statutory requirements, the judgment will be reversed and the cause remanded for a proper sentence.

Writ of Error to Circuit Court, Jackson County; E. C. Love, Trial Judge.

Judgment reversed.

*Smith & Davis* and *W. H. Price,* for Plaintiff in Error;

*T. F. West,* Attorney General, for the State.

PER CURIAM.—This writ of error was taken to a conviction of the statutory offense of "malpractice in office," in neglecting to pay over to the county treasurer within ten days after the receipt of same, money received and collected by the accused as justice of the peace in payments of fines imposed upon convictions before the justice of the peace. Sec. 3481 Gen. Stats. of 1906; Sec. 3481 Compiled Laws of 1914.

A witness for the State testified that the accused kept a docket as justice of the peace; that a part of the docket "was torn out—a hundred and one or some odd pages, I don't remember exactly. They were the pages that covered the past six or eight months in court. I don't know

what became of them.    As well as I remember about the docket, all of the 1914 docket was destroyed and all of the 1915 except a few pages, as well as I remember." The court asked the State Attorney "Have you got the docket?"    Answer, "No, sir; have never been able to get it."

Witnesses for the State were asked questions as to the conviction and fines of the named persons before the defendant as justice of the peace.    These questions were objected to by counsel for the defendant on the ground that the record is the best evidence and there is no proper showing that the record was lost or destroyed.    The objections were overruled and exceptions taken.

While secondary evidence should not be admitted *in substitution* for primary evidence, yet where the evidence offered is primary or original in its character, it should not be excluded because there might have been introduced other primary evidence that is corroborative or stronger and more conclusive.    17 Cyc. 467; 10 R. C. L. 903.

Secondary evidence of the contents of records may be given when such records are destroyed.    See 10 R. C. L. 915; Williams v. Richardson, 66 Fla. 234, 63 South. Rep. 446; 17 Cyc. 523.

Under the circumstances of this case there was no improper substitution of secondary for primary evidence, and there was no error in admitting original, positive and independent oral testimony as to the convictions and the imposition and collections of fines by the defendant when acting as a justice of the peace.    The record may have been in the custody of the defendant who made it.

The statute provides : "Any officer of this State who wilfully charges, receives or collects any greater fees than he is entitled to charge, receive or collect by law, or who is guilty of any malpractice in office not other-

wise especially provided for, shall be punished by imprisonment not exceeding one year, or by fine not exceeding five hundred dollars." Sec. 3481 Gen. Stats. of 1906, Compiled Laws of 1914.

"All fines imposed by any such court, if paid before the accused is committed, shall be received by the justice of the peace who constituted the court before which the accused was convicted, and by such magistrate paid over to the county treasurer within ten days after the receipt thereof to be disposed of according to law.

"If the accused be committed, payment of any fine imposed upon him shall be made to the Sheriff of the county who shall, within ten days after the receipt thereof, pay over the same to the county treasurer for the purpose aforesaid." Sec. 4035 Gen. Stats. of 1906, Compiled Laws of 1914.

It appears that the fine was collected by the defendant as justice of the peace before the convicted person was committed. If the fines were in fact collected by the defendant as justice of the peace and not paid over, the regularity of the collections is not material.

While all common law crimes consist of two elements —the criminal act or omission, and the mental element, commonly called criminal intent, it is within the power of the legislature to dispense with the necessity for a criminal intent, and to punish particular acts without regard to the mental attitude of the doer. Mills v. State, 58 Fla. 74, 51 South. Rep. 278; Commonwealth v. Mixer, 207 Mass. 141, 93 N. E. Rep. 249, 20 Ann. Cas. 1152, 31 L. R. A. (N. S.) 467; 8 R. C. L. 62.

A failure of a justice of the peace to pay over to the county treasurer within ten days after the receipt thereof of all fines collected by him as such magistrate, without excuse for such failure, is a violation of Section 4035

Gen. Stats. of 1906, and such failure whether the result of wilfulness or negligence may be regarded as "malpractice in office" within the meaning of Section 3481 Gen. Stats. of 1906. The word "wilfully" as used in Section 3481 is a part of the definition of the offense of extortion, and does not by construction become an element of the offense of "any malpractice in office not otherwise especially provided for," condemned in the same section.

In giving and refusing charges to the jury these rules of law were substantially followed.   If technical error was committed the facts in evidence show the error if any to be harmless.

There is evidence to sustain the verdict.   If mitigating circumstances exist, they cannot be considered on this writ of error.

The sentence is that the defendant for his "said offense do forfeit and pay a fine of $200.00 and * * * be confined in the county jail at hard labor for a period of ninety (90) days, and that you pay the costs of the prosecution."

Section 3481 General Statutes, under which the conviction was had provides for punishment "by imprisonment not exceeding  one year, or by fine not  exceeding five hundred dollars;" but section 3175 General Statutes provides that "whenever the punishment is prescribed to be fine or imprisonment (whether in the State prison or county jail), in the alternative, the court may, in its discretion, proceed to punish by both fine and such imprisonment." However Section 4012 General Statutes provides: "Whenever the sentence shall be one of both fine and imprisonment, it shall also provide for an additional period of imprisonment in the county jail or in the State prison, according as the other period of imprisonment may be in a county jail or the State prison, for which

such person shall be held in default of payment of fine and costs. Such additional period shall commence and run from the expiration of the other period of imprisonment fixed by the sentence."

This latter section of the statute was not complied with in rendering the sentence. The judgment must be reversed and the cause remanded for a proper sentence. See Thompson v. State, 52 Fla. 113, 41 South. Rep. 899; Taylor v. State, 67 Fla. 127, 64 South. Rep. 454.

It is so ordered.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL, WHITFIELD and ELLIS, JJ., concur.