THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SOLOMON C. SUGARMAN, Appellant.

**Crimes — trial — evidence — depositions — waiver — accused may waive right to confrontation by complaining witness to obtain favor of adjournment of trial — loss of exhibits offered upon taking of deposition — denial of motion to suppress deposition reversible error — deposition may not be pieced out by extrinsic evidence of correctness of photostatic copies of exhibits — secondary evidence of deposition limited to certified copy.**

1. A condition to adjournment of a criminal trial, that defendant waive his right to confrontation by the complaining witness and consent that he be examined conditionally on behalf of the People, is proper. The right of confrontation is a privilege extended to the accused which he may waive.

2. Where, however, on the trial of the case, it appeared that exhibits offered on behalf of the People and of the defendant, at the taking of the deposition, had been lost, a motion to suppress the deposition should have been granted and its use on the trial after denial of such a motion was reversible error. The fundamental right of the defendant to be confronted by the witnesses against him is not waived except by strict compliance with the law. The loss of the exhibits destroyed the completeness of the deposition and it may not be pieced out by extrinsic evidence of the correctness of photostatic copies which were not before the witness and were no part thereof. Secondary evidence of depositions is expressly limited to certified copies. (Code Crim. Pro. § 631.)

*People* v. *Sugarman,* 222 App. Div. 726, reversed.

(Argued May 7, 1928; decided May 29, 1928.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 2, 1927, which affirmed a judgment of the Court of General Sessions in the county of New York, rendered upon a verdict convicting the defendant of the crime of forgery in the second degree.

*John J. Curtin* and *Wesley S. Sawyer* for appellant. The judgment should be reversed because of the denial of defendant's motion to suppress the deposition of G. P. Smith, and the making of the order of May 12, 1925, was an abuse of discretion and reversible error. (*People* v. *Stollo*, 191 N. Y. 42.)

*Joab H. Banton*, District Attorney (*Robert Daru* of counsel), for respondent. The defendant caused the deposition of Smith to be taken and consented to it; the court properly denied the motion to suppress the deposition; the motion to " withdraw defendant's waiver " was likewise properly denied; the court had the power to order the taking of Smith's deposition; the deposition was certified and introduced in evidence according to law. (*People* v. *Fish*, 125 N. Y. 136; *People* v. *Penhollow*, 5 N. Y. Cr. Rep. 41; 42 Hun, 103; *People* v. *Gilhooley*, 108 App. Div. 234; 187 N. Y. 551; *People* v. *Bitusky*, 155 App. Div. 139; *People* v. *Browne*, 118 App. Div. 793; *Matter of Waverly Water Works Co.*, 85 N. Y. 478; *Brownell* v. *Ruckman*, 85 N. Y. 648; *Smith* v. *Alker*, 102 N. Y. 87.)

Pound, J. The indictment charges defendant with forgery, second degree, in two counts, *i. e.*, one, that defendant, having in his possession a check for $25,000, dated June 26, 1919, made by S. Barkin payable to the order of George P. Smith, forged the indorsement of the name of the payee on the back thereof, and another, that he uttered the same.

Smith, whose signature defendant is charged with having forged, was a young man, somewhat under thirty

years of age at the time of the transaction complained of. He had had business transactions with defendant, who was a lawyer. He had indorsed and made notes for defendant who claimed to be engaged in an enterprise with Smith, in connection with the purchase of war material from the United States government. Defendant asked him for $25,000.

Smith was entitled to receive $300,000 from the estate of his grandfather, under the terms of his will, on arriving at the age of thirty years. The trustees had power to advance money for his education and maintenance. They had made substantial advancements to him. He had made assignments of the fund as security for loans. Defendant testified that Smith was willing to raise $25,000 for the Washington enterprise and agreed to assign his interest in his grandfather's estate as security; that the assignment was drawn up and signed by Smith; six notes were signed by Smith representing the loan in question and the money was obtained from Samuel Barkin, a money lender, who gave the check therefor payable to the order of Smith. Smith denied that he signed the assignment, or the notes, or that he indorsed the check. The money was deposited in Sugarman's bank account by his brother and associate, Joseph H. Sugerman, and was drawn out by checks signed in defendant's name by Joseph. The interest and stamps amounted to $433. Smith admitted that he gave defendant his check for this amount but says that he gave it to him for cash and that he was induced to add the words " interest and stamps " to carry out some purpose of defendant unconnected with the forgery here charged.

The People make no claim that defendant personally forged the disputed indorsement or uttered the check. The evidence tends to establish that Joseph H. Sugarman did so, being thereto aided and abetted by defendant. The defense is that the indorsement is the genuine signature of

17

George P. Smith, arising out of a legitimate business trans-
action.   A question of fact was thus presented for the jury.
It cannot be said that there was no evidence of defendant's
guilt.   The verdict is conclusive unless material error
appears reviewably on the record.

I think that material error does appear.   The court
made an order on March 21, 1924, that the case be
peremptorily set down for trial on March 24, 1924, if the
defendant did not file a consent that Smith, the com-
plaining witness, be examined conditionally on behalf of
the People and waive his right to confrontation by the
witness on the trial.   The consent was filed to obtain
an adjournment of the trial and the deposition of Joseph
H. Sugarman as a witness for the defense.   The latter
deposition was not obtained and Joseph was not a witness
on the trial.   The condition was a proper one which
defendant complied with to obtain a favor.   He merely
waived the right to be confronted by one of the People's
witnesses.   The right of confrontation is a privilege
extended to the accused which he may waive.   (*Diaz*
v. *U. S.*, 223 U. S. 442.)

The deposition of Smith was taken by the People
before one of the judges of the Court of General Ses-
sions a year or more before the trial.   Smith left the
State and did not return.   The deposition consisted of 274
pages of stenographer's minutes.   On the taking of the
deposition the People offered sixteen written exhibits and
the defendant offered five written exhibits.   They included
the check described in the indictment; written indorsement
thereon; the assignment of Smith's interest in his grand-
father's estate; six promissory notes signed in the name of
Smith representing a loan of $25,000; a letter signed in the
name of Smith to Barkin; directing him to deliver to defend-
ant a check for the proceeds of the loan of $25,000; a conced-
edly genuine check for the $433, " for interest and stamps "
above mentioned; and five exhibits offered by defendant
containing the genuine signature of George P. Smith,

offered for the purpose of comparison of handwriting. The exhibits were not attached to and made a part of the deposition but were filed separately with the clerk of the Court of General Sessions. On the trial of the case it appeared that they had been lost and could not be introduced as a part of Smith's deposition. Photostatic copies had been made by the district attorney of some of the exhibits including the check and the indorsement, but not of all of them. The People's evidence tended to show the forgery of the several writings, made for the purpose of indicating that the check in question was part of a legitimate business transaction. Smith testified, in giving his deposition, that none of the People's exhibits were signed by him except the check for $433. The deposition was used on the trial after a motion to suppress by reason of the loss of the exhibits had been made and denied and over defendant's objection.

This, I think, was reversible error. The loss of the exhibits destroys the completeness of the deposition. The original written exhibits which were before the witness had disappeared. Their place was taken in part by photostatic copies which were not before the witness when the deposition was taken. Secondary evidence of originals, even of a forged instrument, might in ordinary course be produced on the trial of a defendant for the forgery on establishing the loss of the primary evidence. (*People* v. *Kingsley,* 2 Cow. 522, 525; *State* v. *Tilden,* 242 Ill. 536; 31 L. R. A. [N. S.] 215.) That is not the point. While a witness may by consent of the defendant be conditionally examined on behalf of the People in the manner and with the effect provided by title 12, chapter 3 of the Code of Criminal Procedure for taking examination of witnesses conditionally on behalf of the defendant (Code Crim. Pro. § 219), the fundamental right of the defendant to be confronted by the witnesses against him (Civil Rights Law [Cons. Laws, ch. 6], § 12; *People* v. *Bromwich,* 200 N. Y. 385) is not waived except by strict

compliance with the law. The witness Smith did not have the photostatic copies of the documents before him and did not testify in regard thereto when his deposition was taken. The deposition may not be pieced out by extrinsic evidence of the correctness of photostatic copies which were not before the witness and were no part of the deposition.

Secondary evidence of the exhibits in connection with the deposition was improperly received. The Code expressly limits secondary evidence of depositions to a certified copy thereof. (Code Crim. Pro. § 631.)

It is said that in civil cases there is no difference between lost depositions and any other written testimony if a proper foundation is laid for their admission. (*Williams* v. *Richardson,* 66 Fla. 234; 1916D Ann. Cas. note, p. 253.) "The rules of evidence in civil cases are applicable also to criminal cases, except as otherwise provided in this Code." (Code Crim. Pro. § 392.) But in criminal cases depositions are an innovation on the common law. It is for the People to produce either the witness or his deposition or a certified copy thereof. (§ 631, *supra.*) When the right to be confronted by the People's witnesses is waived, the waiver goes no further than the law prescribes.

On the trial objections were made to the introduction in evidence of the copies. They need not be considered. Assuming the propriety of admitting the deposition in connection with the photostatic copies, it does not appear that any substantial error was committed in the proof. The correctness of the copies was admitted on the trial. They were not used as standards of comparison by the witnesses. But the exception taken to the motion to suppress the deposition by reason of the loss of the exhibits was not waived. It was impossible to read the whole deposition on the trial. To suffer to go to the jury any evidence given by a witness on direct examination by the People where, without the fault of the defendant,

the whole evidence cannot be submitted to it is error. (*People* v. *Cole*, 43 N. Y. 508.) The question is one of supreme importance. The loss of original exhibits, even after the trial, may, if the evidence is of a substantial nature, require the court on appeal to grant a new trial. (*People* v. *Strollo*, 191 N. Y. 42.) As the substituted copies of the original exhibits could not be received in connection with the deposition as the equivalent of the exhibits which were before the witness, the motion to suppress should have been granted.

The judgment of the Appellate Division and that of the Court of General Sessions should be reversed and a new trial ordered.

CRANE, ANDREWS and O'BRIEN, JJ., concur; CARDOZO, Ch. J., dissents; LEHMAN and KELLOGG, JJ., not sitting.

Judgments reversed, etc.