BASKIN, Judge.
The state appeals an order dismissing two counts of an information. Two counts of the information charged Salvadore Saiez with possession of credit card embossing machines in violation of section 817.63, Florida Statutes (1983). A third count charging Saiez with possession of incomplete credit cards remained pending and is not included in the appeal. The trial court predicated its dismissal on a finding that the portion of section 817.63 upon which the challenged counts of the information were based is unconstitutionally vague and overbroad. We affirm.
The pertinent * portion of section 817.63 provides:
[A] person possessing with knowledge of its character any machinery, plates or any other contrivance designed to reproduce instruments purporting to be the credit cards of an issuer who has not consented to the preparation of such credit cards, violates this subsection and is subject to the penalties set forth in § 817.67(2).
We recognize the well-established precept that, when reasonably possible, the court should resolve all doubts about a statute in favor of its constitutionality. State v. Wershow, 343 So.2d 605 (Fla.1977); Department of Legal Affairs v. Rogers, 329 So.2d 257 (Fla.1976). The statute under consideration, however, is so vague and overbroad “that it is not amenable to such a saving construction unless the court is willing to invade the province of the legislature and virtually rewrite it.” Wershow at 607. A statute is considered unconstitutionally vague when it fails to give a person of common understanding and intelligence a sufficiently definite warning concerning the conduct it seeks to proscribe. Wershow; Zachary v. State, 269 So.2d 669 (Fla.1972); Aztec Motel, Inc. v. Faircloth, *929 251 So.2d 849 (Fla.1971). A statute is construed as overbroad:
when legal, constitutionally protected activities are criminalized as well as illegal, unprotected activities, or when the Legislature sets a net large enough to catch all possible offenders and leaves it to the courts to step inside and determine who is being lawfully detained and who should be set free.
Coates v. Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971); Schultz v. State, 361 So.2d 416, 418 (Fla.1978); Wershow.
The portion of section 817.63 under review appears to prohibit the mere possession of embossing machinery designed to reproduce credit cards. The statute does not denote a particular type of embossing machine, and thus includes in its prohibition machinery that is possessed and used for lawful purposes. Because the challenged portion of the statute fails to set forth a standard by which the possessor of the machinery may know what acts are proscribed, it is unconstitutionally vague, indefinite, and uncertain. Furthermore, the defective portion of the statute is unconstitutionally overbroad; its prohibition against simple possession of an embossing machine criminalizes legally protected activities as well as illegal unprotected activities.
We therefore hold that the portion of section 817.63 under consideration is invalid and unconstitutional and affirm the dismissal of the two counts in the information which are based upon this statutory provision. The remaining portions of section 817.63 are not affected by our decision.
Affirmed.

The remaining portions of section 817.63 have not been addressed in the trial court and are not rendered invalid by this decision, see Cramp v. Board of Public Instruction of Orange Co., 137 So.2d 828 (Fla.1962); Tropical Park, Inc. v. Department of Business Regulation, 433 So.2d 1329 (Fla. 3d DCA 1983). These portions provide:
Possession of machinery, plates or other contrivance or incomplete credit cards. — A person other than the cardholder possessing two or more incomplete credit cards with intent to complete them without the consent of the issuer.... A credit card is incomplete if part of the matter other than the signature of the cardholder, which an issuer requires to appear on the credit card before it can be used by a cardholder, has not yet been stamped, embossed, imprinted, or written on it.