346 So.2d 991 (1977)
STATE of Florida, Appellant,
v.
Norman K. WINTERS, Appellee.
No. 49987.
Supreme Court of Florida.
March 31, 1977.
Rehearing Denied June 28, 1977.
*992 Robert L. Shevin, Atty. Gen., and Mary Jo M. Gallay, Asst. Atty. Gen., for appellant.
Robert E. Jagger, Public Defender, and James M. Callan, Jr., Asst. Public Defender, for appellee.
KARL, Justice.
This cause is before us on direct appeal from an order of the county court in and for Pinellas County, holding Section 827.05, Florida Statutes, unconstitutional as vague and indefinite, thereby vesting jurisdiction in this court pursuant to Article V, Section 3(b)(1), Florida Constitution.
Appellee was charged by information with seven counts of negligent treatment of his children, Angelia, Alycia, David, Audra, Joe, Roy and Marie, in violation of Section 827.05, Florida Statutes, in that he negligently deprived these children or allowed these children to be deprived of necessary shelter.
Section 827.05, Florida Statutes, provides:

"Negligent treatment of children.  Whoever negligently deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment is guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084." (Emphasis supplied.)
A Statement of Particulars was thereafter filed by the State Attorney in which he specified in what manner appellee had negligently deprived his children of necessary shelter as follows:
"1. On April 18, 1976, Defendant Norman K. Winters negligently deprived the children named in the Information, or allowed said children to be deprived of, necessary shelter by:
a. maintaining said children in a structure infested with insects.
b. maintaining said children in a structure in which the floor was strewn with garbage.
c. providing said children with unclean mattresses and no bedsheets.
d. maintaining for said children a bathroom in which the toilet contained feces and on the floor of which was garbage."
Appellee moved to dismiss the information on the basis that Section 827.05, Florida Statutes, and the charging information are vague, indefinite and overbroad in that they fail to adequately advise or inform appellee of the crime with which he is being charged, and that the phrase "necessary shelter" is unduly broad, being capable of many interpretations and applications.
The trial court granted the motion to dismiss the information and held that Section *993 827.05, Florida Statutes, is unconstitutional for vagueness and not setting forth sufficient standards.
The sole question for our determination in this cause is the constitutionality vel non of Section 827.05, Florida Statutes.
Penal statutes must be strictly construed in favor of the accused where there is doubt as to their meaning and must be sufficiently explicit so that men of common intelligence may ascertain whether a contemplated act is within or without the law, and so that the ordinary man may determine what conduct is proscribed by the statute. Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934); Franklin v. State (Joyce), 257 So.2d 21 (Fla. 1971); State v. Llopis, 257 So.2d 17 (Fla. 1971); State v. Dinsmore, 308 So.2d 32 (Fla. 1975); State v. Wershow et al., 343 So.2d 605 (Fla. 1977).
Section 827.05 provides criminal penalties for acts of simple negligence. Under the statute, a person with no intent to do a wrong may be punished. His action need not be willful nor culpably negligent.[1] By his affirmative act of negligence or his negligent failure to act, he violates the statute. Negligence is the failure to use reasonable care. Reasonable care is that degree of care which a reasonably careful person would use under like circumstances. Negligence may consist either in doing something that a reasonably careful person would not do under like circumstances or in failing to do something that a reasonably careful person would do under like circumstances.
A parent, guardian or other person having custody of a child or responsibility for its well being has a duty to provide the child with food, clothing, shelter and medical treatment. Failure to provide any food, clothing, shelter or medical treatment would be a clear violation of the duty. But if there is not a total deprivation, then how much of each must be provided to meet the test of the statute?
In the matter of "necessary shelter," which is involved in the cause sub judice, there was a shelter of some type, but it was alleged to have had garbage on the floor, beds with unclean mattresses and no sheets, a bathroom with feces in the toilet and insect infestation. While such conditions are deplorable and, if allowed to persist, may constitute a health hazard, it cannot be said that the father has, by negligently keeping the children in a dirty house, failed to provide "necessary shelter" as required by Section 827.05. A palacial mansion that is clean and spacious could fail to qualify as "necessary shelter," if it had no heat. A small, overcrowded log cabin may, on the other hand, meet the test. Depending upon the standard adopted, any given shelter, whether in the suburbs or the ghetto, could be found to fall short of "necessary shelter." Similarly, each person must ask just how much and what quality of food, clothing, shelter and medical treatment he must provide to avoid jeopardy. Nothing in the statute gives us the answer. There are no guidelines.
We acknowledge that "[t]o make a statute sufficiently certain to comply with constitutional requirements, it is not necessary that it furnish detailed plans and specifications of the acts or conduct prohibited." Orlando Sports Stadium, Inc. v. State ex rel. Powell, 262 So.2d 881 (Fla. 1972). But without some statutory standards or guidelines, the Legislature has effectively set a net large enough to catch all possible offenders and has left to the courts the power to say who should be detained and who should be set at large. Such a statute is dangerous and does not provide due process of law. United States v. Reese, 92 U.S. 214, 23 L.Ed. 563 (1876).
Although the goal of the Legislature in promulgation of such legislation to protect the public health, welfare and safety of children is not only laudable but essential, there must exist some guidelines to instruct those subject thereto as to what will render them liable to its criminal sanctions. No *994 such standards have been provided in Section 827.05. Criminal penalties may be inflicted on anyone who, by an act of commission or omission involving only simple negligence, fails to meet the nebulous test of what is necessary. Such a statute lends itself to the unacceptable practice of selective prosecution.
For the foregoing reasons, we find Section 827.05, Florida Statutes, to be unconstitutionally vague, indefinite and overbroad.
Accordingly, we hold 827.05 to be unconstitutional and affirm the order of trial court granting the motion to dismiss the indictment.
It is so ordered.
OVERTON, C.J., and ADKINS, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.
BOYD, J., dissents with an opinion.
BOYD, Justice, dissenting.
I believe the public is capable of understanding what acts are made criminal by Section 827.05, Florida Statutes. The statute makes it a crime for persons to deprive their children of necessary support in a negligent fashion. The "negligence element" of the crime makes sure that only those who owe a duty of care that is breached unreasonably will be convicted. The requirement that the support be necessary to the child prevents conviction of those who offer minimum support. Since economic abilities of persons charged with the duty of care and social needs of children vary, a more specific standard cannot be enacted.
The statute is not vague. I respectfully dissent.
NOTES
[1] This is to be distinguished from Section 827.04, Florida Statutes, which proscribes similar conduct but requires willfulness or culpable negligence.