PER CURIAM.
Tittle, White and Vickers appeal the sentences entered against them following their pleas of guilty to the charge of armed robbery. Appellant Tittle also appeals the sentence entered against him following his plea of guilty to the additional charge of aggravated battery. Each appellant contends that the trial judge erred in refusing to sentence him as a youthful offender under Section 958.04, Florida Statutes (1979). We affirm as to appellant Tittle and reverse as to appellants White and Vickers.
Section 958.04(l)(c) provides in part that “no person who has been found guilty of a capital or life felony may be classified [as] a youthful offender . . . . ” The trial judge concluded that this statute was applicable because armed robbery with a firearm was a life felony. However, armed robbery is not a “life felony” nor can it be enhanced to such by operation of 775.087(l)(a), Florida Statutes. Richardson v. State, 398 So.2d 1010 (Fla. 1st DCA 1981). Accordingly, the trial judge erred in refusing to treat appellants White and Vickers as youthful offenders.
Our reversal does not apply to appellant Tittle. A defendant does not qualify for youthful offender treatment under the mandatory provisions of that act if he had been “previously found guilty of a felony.” 958.04(2)(a), Florida Statutes (1979). The record reflects that Tittle was simultaneously adjudicated guilty of armed robbery and aggravated battery and was thereafter sentenced. Under these circumstances, appellant Tittle was properly excluded from mandatory classification as a youthful offender. Barnhill v. State, 393 So.2d 557 (Fla. 4th DCA 1980); Goodson v. State, 392 So.2d 1335 (Fla. 1st DCA 1980), approved, 403 So.2d 1337 (Fla.1981).
Accordingly, we affirm with respect to appellant Tittle and reverse and remand for *1009 the trial court to resentence appellants White and Vickers in a manner consistent with this opinion.
BOOTH, SHAW and WENTWORTH, JJ., concur.