434 So.2d 974 (1983)
Verdell HILL, Jr., Petitioner,
v.
STATE of Florida, Respondent.
No. 83-477.
District Court of Appeal of Florida, Fifth District.
June 23, 1983.
Verdell Hill, Jr., pro se.
*975 Jim Smith, Atty. Gen., Tallahassee, and Margene A. Roper, Asst. Atty. Gen., Daytona Beach, for respondent.

ON PETITION FOR WRIT OF HABEAS CORPUS
DAUKSCH, Judge.
This matter is before us upon a Petition for Writ of Habeas Corpus. The petitioner alleges he is being held unlawfully because he is serving a sentence greater than the law allows. He says the trial court was duty-bound to sentence him under the Florida Youthful Offender Act, Chapter 958, Florida Statutes. The state maintains he is not entitled to such special sentencing treatment because the Youthful Offender Act specifically excludes persons found guilty of life felonies. It is the state's argument that "robbery with a firearm is a type of serious crime that should preclude youthful offender treatment as it is punishable by life imprisonment and can amount to a life felony in degree of seriousness."
The state is correct in its assertion that a person found guilty of a life felony is not entitled to be classified a youthful offender under the act. § 958.04(1)(c), Fla. Stat. (1981). The state is aware of, but would have us disregard, the clear wording of the robbery statute which declares that this petitioner's crime is a felony of the first degree. The statute says: "If in the course of committing robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree punishable by imprisonment for a term of years not exceeding life imprisonment." § 812.13(2)(a), Fla. Stat. (1981). The state argues that even though the legislature has designated the crime to be a first degree felony that "punishment of possible imprisonment for a term of years not exceeding life imprisonment as provided under the above robbery statute is analogous to a life felony and should preclude sentencing under the youthful offender statute."
We disagree with the state's argument because the legislature declared in the statute that robbery with a firearm or other deadly weapon is a first degree felony; just as the legislature said in the Youthful Offender Act that persons in the first degree felony situation are entitled to consideration under that act. It is the legislature which proscribes crimes and prescribes punishment limits. The courts do not "treat a first degree felony like a life felony" as the state urges. The court can sentence no less than the legislatively prescribed mandatory minimum nor no more than the maximum statutorily allowed. Two other appellate court opinions have held that robbery with a firearm or other deadly weapon is a first degree felony and not a life felony and that the Youthful Offender Act applies to under-age persons convicted of those crimes. Tittle v. State, 405 So.2d 1007 (Fla. 1st DCA 1981); Richardson v. State, 398 So.2d 1010 (Fla. 1st DCA 1981).
The state also urges that we should dismiss this case because of various procedural mistakes made by the petitioner. We could do that by a mere unexplained dismissal, but not in good conscience. The state correctly says: "Petitioner's proper remedy is to apply to the trial court for post-conviction relief prusuant [sic] to FRCP [sic] 3.850." We agree that Rule 3.850, Florida Rules of Criminal Procedure, is the proper remedy and the petitioner should have first applied to the trial court. Therefore we relinquish jurisdiction of this cause and remand it to the trial court for 60 days to treat this petition as a petition under Rule 3.850, to hold a hearing and issue an appropriate order or judgment. The state shall see to it that this court is furnished with a certified copy of the result of the proceedings below. If the petitioner is declared indigent by the trial court and he requests counsel, he shall be furnished counsel and a transcript of the hearings below for consideration by this court upon return of jurisdiction to this court.
It is so ordered.
SHARP, J., concurs.
COBB, J., concurs in part dissents in part with opinion.
*976 COBB, Judge, concurring in part, dissenting in part:
I concur with the majority's conclusion that Rule 3.850, Florida Rules of Criminal Procedure, is the proper remedy and the petitioner should apply first to the trial court. For that reason I would simply deny the petition without prejudice to petitioner's right to file an appropriate motion for post-conviction relief below. See Vagner v. Wainwright, 398 So.2d 448 (Fla. 1981).