458 So.2d 313 (1984)
Samuel Lee BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 83-1560.
District Court of Appeal of Florida, Fifth District.
September 20, 1984.
Rehearing Denied November 1, 1984.
*314 James B. Gibson, Public Defender, and Daniel J. Schafer, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Kenneth McLaughlin, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Judge.
Brown argues that he was improperly sentenced under the guidelines as having committed a felony punishable by a life sentence, thereby elevating the number of points on his sentencing score sheet to 124 rather than 100 points, which was applicable for armed robbery.[1] We agree and vacate the sentence.
Brown was adjudicated guilty of two counts of armed robbery. The evidence at trial showed he and an accomplice robbed a convenience store, wearing nylon stocking masks and carrying guns. During the commission of the robbery, a shot was fired, but no one was injured.
The issue in this case is whether the trial court erred in enhancing the armed robbery offense by applying section 775.087(1)(a), Florida Statutes (1981). That section provides:
Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, ... the felony for which the person is charged shall be reclassified as follows:
(a) in the case of a felony of the first degree, to a life felony. (Emphasis added).
Brown was charged with "carrying" a firearm, which is all that section 812.13(2)(a), Florida Statutes (1981), requires by way of proving armed robbery.[2] Actually using the weapon or displaying it is not necessary. See Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983).
We have held, however, that armed robbery is already an enhanced charge under the robbery statute. Hill v. State, 434 So.2d 974 (Fla. 5th DCA 1983); see also Garvin v. State, 413 So.2d 34 (Fla.1st DCA 1981); Tittle v. State, 405 So.2d 1007 (Fla. 1st DCA 1981); Lee v. State, 400 So.2d 1238 (Fla. 1st DCA 1981); Richardson v. State, 398 So.2d 1010 (Fla. 1st DCA 1981). We think this applies whether the proof at trial establishes that the defendant carried or used a firearm. See Whitehead v. State, 450 So.2d 545 (Fla. 4th DCA 1984). Criminal statutes should be construed strictly in the defendant's favor, when there is any ambiguity or lack of clarity. Ferguson v. State, 377 So.2d 709 (Fla. 1979); State v. Winters, 346 So.2d 991 (Fla. 1977).
Accordingly, we vacate the sentence and remand for resentencing.
SENTENCE VACATED; REMANDED.
DAUKSCH, J., concurs.
COWART, J., dissents with opinion.
*315 COWART, Judge, dissenting:
The use of a weapon or firearm is not an essential element of armed robbery § 812.13(2)(a), Fla. Stat. (1983)). State v. Gibson, 452 So.2d 553 (Fla. 1984); Torrence v. State, 440 So.2d 392 (Fla. 5th DCA 1983). Certainly the maximum statutory punishment for an armed robbery is greater than that for an unarmed robbery. However that is no legal reason why section 775.087(1)(a), Florida Statutes, should not be applied to enhance a conviction for armed robbery where the robber does in fact display or use a weapon or firearm and does not merely carry it as required for the basic conviction for armed robbery.[1] Neither is that an adequate legal reason why a robber who actually displays or uses a weapon or firearm in an armed robbery should not be subjected, under the sentencing guidelines, to the possibility of a longer sentence than an armed robber who merely carried the weapon or firearm in the minimal manner necessary to be guilty of armed robbery.
I would affirm the two concurrent sentences of seven years each imposed on this robber's two armed robbery convictions especially in view of the fact that guideline sentencing was elected as to these two armed robberies which were committed before October 1, 1983, and the special sentencing discretion authorized by section 921.005(1)(a), Fla. Stat. (1983).
NOTES
[1] § 812.13(2)(a), Fla. Stat. (1981).
[2] in the course of committing the robbery the offender carried a firearm or other deadly weapon, then the robbery is a felony of the first degree, punishable by imprisonment for a term of years not exceeding life imprisonment or as provided in s. 775.082, s. 775.083, or s. 775.084.
§ 812.13(2)(a), Fla. Stat. (1981).
[1] Judge Daniel Pearson, dissenting in Whitehead v. State, 450 So.2d 545 (Fla. 3d DCA 1984), is correct.