476 So.2d 660 (1985)
STATE of Florida, Petitioner,
v.
Samuel L. BROWN, Respondent.
No. 66140.
Supreme Court of Florida.
September 26, 1985.
*661 Jim Smith, Atty. Gen. and Belle B. Turner, Asst. Atty. Gen., Daytona Beach, for petitioner.
James B. Gibson, Public Defender and Daniel J. Schafer, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for respondent.
EHRLICH, Justice.
This case is before us for review of Brown v. State, 458 So.2d 313 (Fla. 5th DCA 1984). There is apparent conflict with State v. Gibson, 452 So.2d 553 (Fla. 1984), which is the reason we originally took jurisdiction. Art. V, § 3(b)(3), Fla. Const. Upon further analysis, as discussed infra, we conclude that the apparent conflict arises in statutory construction, and when the proper construction is made in this case, the appearance of conflict is resolved. We therefore dismiss the petition for review.
Respondent was convicted on two counts of armed robbery. § 812.13(2)(a), Fla. Stat. (1983). In sentencing Brown, the trial court enhanced the sentences from first-degree felonies to life felonies, pursuant to section 775.087(1)(a). On appeal, the district court held that the enhancement was improper on the rationale that armed robbery was already an enhancement of robbery, and double enhancement was impermissible.
In Gibson, we held that armed robbery merely required "carrying" a firearm or other deadly weapon, and that therefore there was no bar to a separate sentence and conviction for "use" or "display" of a firearm during commission of a felony, section 790.07(2), Florida Statutes (1977). Brown appears to conflict with Gibson because the Brown court refused to construe the statutes in question to give effect to the distinction between "carrying" in the armed robbery statute and "using" in the sentence enhancement statute.
The sentence enhancement statute reads, in pertinent part:
(1) Unless otherwise provided by law, whenever a person is charged with a felony, except a felony in which the use of a weapon or firearm is an essential element, and during the commission of such felony the defendant carries, displays, uses, threatens, or attempts to use any weapon or firearm, or during the commission of such felony the defendant commits an aggravated battery, the felony for which the person is charged shall be reclassified as follows:
(a) In the case of a felony of the first degree, to a life felony.
§ 775.087, Fla. Stat. (1983).
Respondent correctly argues that if the Gibson distinction is applied to the instant statutes, armed robbery and sentence enhancement, all armed robberies are enhanced to life felonies. While it may be possible that the legislature could do this within the strictures of the state and federal constitutions, we are inclined to construe the statutes differently.
We note that, in the enhancement statute, the exception clause exempts crimes where use of a weapon is an essential element. The statute thus creates a class of all other crimes and enhances sentence *662 when a weapon is carried, displayed, used, threatened or attempted to be used. We find that the word "use" in the exception clause must be read in light of the enumerated "uses" in the subsequent phrase. Why would the legislature enhance all crimes where carrying, display, or the threatened or attempted use of a weapon are essential elements, but exempt from enhancement the most serious circumstance, the actual use of the weapon? We conclude that the legislature, while perhaps guilty of inartful use of the language, intended to exempt all crimes wherein the enumerated uses specified in the statute are essential elements.
We conclude that the legislature intended to deal with the use of weapons during the commission of certain crimes by specific statutory provisions. The most relevant example is armed robbery. The district court terms the elevated sentence provided for robbery during which a weapon is carried, i.e. armed robbery, an "enhancement." There is a qualitative difference between the enhancement of armed robbery, wherein the crime enhanced is a necessarily lesser included offense, and enhancement statutes such as the sentence enhancement statute and the habitual offender statute, section 775.084, Florida Statutes (1983), which cut across some or all criminal statutes. We are therefore reluctant to rely on the district court's rationale that applying the Gibson distinction is not permitted because it results in a double enhancement. But the enhancement analysis does shed light on legislative intent, which, as we conclude, was to exempt from the sentence enhancement statute all crimes which have as an essential element one of the enumerated uses of a weapon. Double enhancement may not necessarily be prohibited, and we refrain from deciding the issue, but it does not appear to have been the legislative intent in this case.
For the reasons discussed, we dismiss the petition for review.
It is so ordered.
BOYD, C.J., and ADKINS, OVERTON, McDONALD and SHAW, JJ., concur.