ORFINGER, Judge.
This is an appeal from a departure sentence. We reverse, because even if we assume that departure from the guidelines was warranted, a matter not raised and not decided here, the thirty year sentence imposed for the crime of attempted sexual battery with a deadly weapon exceeded the statutory maximum penalty for the crime.
Sexual battery with a deadly weapon is a life felony. § 794.011(3), Fla. Stat. (1985). An attempt to commit a criminal offense, which if completed would be classified as a life felony, is designated a second degree felony, punishable by a term of imprisonment not to exceed 15 years. § 777.04(4)(b), Fla.Stat. (1985). The State concedes the correctness of this assertion. Neither can the penalty be enhanced under the provisions of section 775.087(1), because of the use of a deadly weapon, because that statute by its terms does not apply to a felony in which the use of the firearm is an essential element. State v. Brown, 476 So.2d 660 (Fla.1985).
The sentence for Count II, attempted sexual battery with a deadly weapon, is vacated and the cause is remanded for re-sentencing on that count, using a score-sheet properly classifying the offense as a second degree felony.
Sentence VACATED in part and REMANDED.
COBB, C.J., and DAUKSCH, J., concur.