SHARP, Chief Judge.
The appellee, Milbrath, was charged with violating section 838.016(2), Florida Statutes (1985) (unlawful compensation or reward for official behavior), which makes it a criminal offense
for any person corruptly to give, offer, or promise to any public servant, or, if a public servant, corruptly to request, solicit, accept, or agree to accept, any pecuniary or other benefit not authorized by law for the past, present, or future exertion of any influence upon or with any other public servant regarding any act or omission which the person believes to have been, or which is represented to him as having been, either within the official discretion of the other public servant, in violation of a public duty, or in performance of a public duty.
We affirm the trial court’s dismissal of this case.
Milbrath filed a motion to dismiss, pursuant to Florida Rule of Criminal Procedure 3.190(c)(4), which was not traversed by the state. The record established for purposes of this motion[1] that Milbrath acted in a dual and undisclosed capacity, as attorney for Marion County and as an officer and stockholder in a private utility, Marion Underground Utilities (“M.U.”).
In this context, he urged the Department of Environmental Regulation to issue a permit to enable Media I Productions (a developer with whom M.U. had a contract to install underground utilities) to commence construction on its project involving M.U. He also spoke to the County in favor of allowing Media to execute a hold-harmless agreement so that it could begin construction in advance of obtaining a permit from D.E.R. In fact, the hold-harmless agreement was never executed, and no permit was given by the County for early construction.
It was also established that Media did not know Milbrath was the county attorney when it entered into its contract with M.U., and neither requested nor solicited any help from Milbrath in his capacity as county attorney. No benefit was offered to Mil-brath, by Media or any other person, for his actions as county attorney. Nor did Milbrath request or accept any recurring other benefit from any person in exchange for taking action as county attorney or seek to persuade the County or D.E.R. to take official action in Media’s favor.
Criminal statutes must be construed strictly. Drury v. Harding, 461 So.2d 104 (Fla.1984); Brown v. State, 458 So.2d 313 (Fla. 5th DCA 1984), review dismissed, 476 So.2d 660 Fla.1985). It appears to us that the evil sought to be punished by section 838.016(2) is an official’s request for, agreement to accept, or acceptance of illegal compensation or benefits from another person, in exchange for taking official action or exerting influence with other public officials in violation of the public interest. This is buttressed by the statute’s specific definition of “corruptly,” which modifies the prohibited acts in section 838.-016(2):
‘Corruptly’ means done with a wrongful intent and for the purpose of obtaining or compensating or receiving compensation for any benefit resulting from some act or omission of a public servant which is inconsistent with the proper performance of his public duties. [Emphasis added].
§ 838.014(6), Fla.Stat. (1985).
In order to violate this section, it is therefore necessary to establish that another party was involved in the scheme, other than the official being charged. In addition, there must be a showing that the public official acted as prohibited by the statute, as a quid pro quo for receipt or expectation of receiving an illegal benefit. Both of these elements are missing in this case.
AFFIRMED.
DAUKSCH and COWART, JJ., concur.

. Fla.R.Crim.P. 3.190(d).