658 So.2d 597 (1995)
STATE of Florida, Appellant,
v.
John T. MINCEY, Appellee.
No. 93-2816.
District Court of Appeal of Florida, Fourth District.
July 12, 1995.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia Ann Ash, Asst. Atty. Gen., West Palm Beach, for appellee.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
FARMER, Judge.
In State v. Winters, 346 So.2d 991 (Fla. 1977), the supreme court held section 827.05 Florida Statutes (year of codification unknown), unconstitutional. At that time, the statute read as follows:
"827.05 Negligent Treatment of Children.  Whoever negligently deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment is guilty of a misdemeanor of the second degree * * *." [e.o.]
The defect lay in the prospect of punishment for simple negligence, whether of commission or omission, without any showing of willful conduct (or scienter). 346 So.2d at 993-94. The legislature later amended section 827.05 by adding the underscored words:
"Whoever, though financially able, negligently deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment or permits a child to live in an environment, when such deprivation or environment causes the child's physical or emotional health to be significantly impaired shall be guilty of a misdemeanor of the second degree." [e.s.]
See Ch. 77-429, § 2, Laws of Florida.
In the following year, an entirely different statute called the "simple criminal child abuse" statute, section 827.04(2), Florida Statutes (1975), was challenged in State v. Joyce, 361 So.2d 406 (Fla. 1978). That statute read as follows:
"Whoever, willfully or by culpable negligence, deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment, or who, knowingly or by culpable negligence, permits the physical or mental health of the child to be materially endangered, shall be guilty of a misdemeanor * * *."
The defendants argued in the supreme court that Winters supported a finding that section 827.04(2) was unconstitutional for the same reasons. But the supreme court rejected that argument and distinguished Winters, saying:
"Our decision in Winters, however, does not support the determination of the county courts that Section 827.04(2), the child abuse statute, is unconstitutional. The basis for our holding there was that the negligent treatment statute [§ 827.05] made criminal acts of simple negligence  conduct which was neither willful nor culpably negligent. Section 827.04(2), in contrast, requires willfulness (scienter) or culpable negligence. The Winters court was careful to distinguish Section 827.04(2) on *598 this basis. * * * The requirement of willfulness (scienter) or culpable negligence in Section 827.04(2), therefore, avoids the infirmity found in Winters with respect to Section 827.05  that unintentional acts or conduct which is not the product of culpable negligence might be proscribed by the statute."
361 So.2d at 407. After concluding that section 827.04(2) was not invalid, the court added the following about Winters:
"We recognize that * * * Winters also faulted the negligent treatment statute on the grounds that the term `necessary' failed to provide a guideline for determining what, less than total deprivation, constituted a deprivation great enough to fall within its proscription. This language, however, was dicta and did not form the basis for our holding. * * * [W]e conclude that the provision in the present statute, which prohibits the willful or culpably negligent deprivation of `necessary food, clothing, shelter or medical treatment,' is not constitutionally defective. We expressly recede from the aforementioned dicta in Winters to the extent that it may be construed as being inconsistent with our determination herein." [e.s.]
Joyce, 361 So.2d at 407-408. Therefore, the only basis for finding the negligent treatment statute, section 827.05, invalid in Winters was that it criminalized purely negligent conduct, without requiring any showing of willfulness (scienter), which we take also to mean mens rea. After Joyce, we also know that there is no contention possible that Winters stands on any foundation of vagueness, or that it lacks sufficient guidelines as to what might constitute negligent conduct. The question before us today is whether the amendment to section 827.05 cured the specific problem of punishing pure negligence without any showing of willfulness, scienter, mens rea or the like.
In this case, the state charged defendant with a violation of the negligence treatment statute, section 827.05, after his pajama clad, 5-year old stepson was found wandering the streets late at night. The prosecution was entirely predicated on simple negligence. Defendant moved to dismiss the charges on the grounds that the statute was still invalid. The county court in Palm Beach County agreed and certified its decision to us, in effect holding that it continues to have the defects found in Winters. We agree.[1]
The only change made by the legislature was to add the words, "though financially able," and "or permits a child to live in an environment, when such deprivation or environment cause the child's physical or emotional health to be significantly impaired" to the text that existed in Winters. Plainly, these words do not address the lack of willfulness, scienter, or mens rea. One might suppose that the legislature believed that the same conduct, with the willfulness or culpable negligence requirements, was already covered by the simple child abuse statute, section 827.04(2), construed in Joyce. Whatever the reason, the additions were simply ineffective to their purpose.
Although we have misgivings about invalidating a statute designed to protect children from the cruel but negligent indifference of their caretakers, and wonder if it might not be possible to criminalize negligent conduct that deprives small children of the necessaries of life, as recently as last year the supreme court unambiguously stated: "on several occasions this Court has found statutes criminalizing simple negligence to be unconstitutional," citing Winters specifically. State v. Smith, 638 So.2d 509, 510 (Fla.), cert. denied, ___ U.S. ___, 115 S.Ct. 450, 130 L.Ed.2d 359 (1994). Hence, we think it clear that under the current law of Florida a statute that criminalizes simple negligent child abuse would not pass muster. Here we have the additional authority of Winters that this very statute, before the attempt to cure, was invalid for the same reason. Accordingly, we have no alternative but to affirm the decision of the county court.
Exercising our discretion, however, we certify to the supreme court the question whether the addition of language addressing financial *599 ability and a causal relationship between the residential environment and significant impairment of the child's physical and emotional health in section 827.05 amounts to a willful intent or scienter requirement sufficient to overcome the holding in Winters.
AFFIRMED; QUESTION CERTIFIED TO SUPREME COURT.
WARNER and POLEN, JJ., concur.
NOTES
[1] We have accepted jurisdiction and answer the certified question, thus disposing of the case. See Fla.R.App.P. 9.160(e)(2).