665 So.2d 296 (1995)
STATE of Florida, Appellant,
v.
Thomas E. AYERS, Appellee.
STATE of Florida, Appellant,
v.
Colleen TRAVERSA, Appellee.
Kathleen Ruth HAMMOND, Appellant,
v.
State of Florida, Appellee.
Alma E. MOULTON, Appellant,
v.
State of Florida, Appellee.
Nos. 94-03263, 94-03325, 95-01587 and 95-00778.
District Court of Appeal of Florida, Second District.
December 8, 1995.
*297 Robert A. Butterworth, Attorney General, Tallahassee, and Katherine V. Blanco, Assistant Attorney General, Tampa, for Appellant State in Ayers and Traversa cases.
Judith Ellis, St. Petersburg, for Appellant Hammond.
Robert E. Jagger, Public Defender, and Jean M. Higham and Wayne R. Coment, Assistant Public Defenders, Clearwater, for Appellant Moulton.
James Marion Moorman, Public Defender, Bartow, and Brad Permar, Assistant Public Defender, Clearwater, for Appellees Ayers and Traversa.
Robert A. Butterworth, Attorney General, Tallahassee, and Helene S. Parnes, Assistant Attorney General, Tampa, for Appellee State in Hammond and Moulton cases.
ALTENBERND, Judge.
The four cases we have consolidated for purposes of this opinion all involve the constitutionality of section 827.05, Florida Statutes (1993). That statute attempts to create a misdemeanor criminal offense proscribing negligent treatment of children. With the same misgivings recently expressed by the Fourth District in State v. Mincey, 658 So.2d 597 (Fla. 4th DCA 1995), appeal pending, No. 86,177 (Fla. July 31, 1995), we conclude that the statute is unconstitutional.
Colleen Traversa, Thomas E. Ayers, Kathleen Hammond, and Alma E. Moulton were each charged with child abuse under this statute. Judge Karl B. Grube dismissed the charges against Ms. Traversa and Mr. Ayers because he found the statute unconstitutional. Ms. Hammond and Ms. Moulton were convicted by courts that upheld the constitutionality of the statute.[1]
In case number 94-03263, the state charged Mr. Ayers with child abuse as a result of his behavior while baby-sitting two small children. The state alleged that while Mr. Ayers was asleep on the couch, the two unsupervised children were playing outside in the rain. A neighbor who observed the children called the police. Mr. Ayers told the officers that he did not feed the children during the two to three hours he had been baby-sitting. The children were wet and soiled. The officers observed that the children's cribs were broken and unsafe, their mattresses were soiled, and there was no food or formula in the apartment. Mr. Ayers' attorney successfully moved to dismiss the charges on the ground that the statute was unconstitutional.
In case number 94-03325, Ms. Traversa was charged with illegally neglecting her two small children. The police officer and the HRS official who investigated her apartment observed that the home was dirty and in disarray. Upon entering the apartment, they observed a strong, foul smell emanating from a cat litter box. Throughout the apartment they smelled urine. The officials also observed that one child's hair contained lice eggs. Ms. Traversa's attorney also successfully moved to dismiss the charges.
In case number 95-01587, the state charged Ms. Hammond with abusing her three-year-old daughter. The child was observed unsupervised for an hour, wandering in a park wearing only her underwear. A neighbor called the police, who located Ms. Hammond. Ms. Hammond appeared intoxicated *298 and did not know that her child had been missing. Ms. Hammond pleaded nolo contendere to the charge and reserved her right to appeal the constitutionality of the statute. The court withheld adjudication, placed her on six months' probation, and ordered her to pay $150 in court costs.
In case number 95-00778, Ms. Moulton was charged with abusing her two children. At trial, an HRS investigator and a police officer testified that they conducted an investigation of Ms. Moulton's home. They observed that the apartment was infested with roaches, trash flowed out of the garbage cans, and the home was dirty and in disarray. The mattresses and pillows were also soiled. Ms. Moulton's three-year-old child was wearing a soiled diaper filled with fecal matter. The jury found Ms. Moulton guilty of child abuse. The trial court adjudicated her and placed her on six months' probation. She was ordered to pay $150 in court costs.
Section 827.05 attempts to create a second-degree misdemeanor punishing a person who negligently deprives a child of necessary food, clothing, shelter, or medical treatment when financially able to provide this necessary care, if such deprivation causes the child's physical or emotional health either to be significantly impaired or to be in danger of such impairment.[2] This crime is distinct from section 827.04(2), Florida Statutes (1993), a first-degree misdemeanor punishing culpable negligence that causes similar deprivations.[3]
The supreme court declared the 1975 version of section 827.05 unconstitutional in State v. Winters, 346 So.2d 991 (Fla. 1977). Thereafter, the legislature amended the statute to add two new elements  financial ability and resulting significant impairment or risk of significant impairment. The amendment, however, retained the element of simple negligence. See ch. 77-429, Laws of Fla. We agree with the Fourth District that Winters held the statute unconstitutional on the basis of this standard. See Mincey, 658 So.2d at 598. Thus, the legislature's amendment did not cure the problem.
Although we follow Winters in this context, we note that other state courts have upheld the constitutionality of similar legislative enactments. See People v. Noble, 635 P.2d 203 (Colo. 1981);[4]State v. Lucero, 87 N.M. 242, 531 P.2d 1215 (Ct.App. 1975), cert. denied, 87 N.M. 239, 531 P.2d 1212 (1975);[5]State v. Jenkins, 278 S.C. 219, 294 S.E.2d 44 (1982).[6] *299 The common law required mens rea as an element of a criminal offense, but state legislatures have elected to create crimes that omit traditional concepts of criminal intent. 22 C.J.S. Criminal Law, § 31 (1989). As recently as 1973, a person in Florida who repeatedly drove in a careless manner could be convicted and punished by fines and imprisonment similar to those penalties now available for a second-degree misdemeanor, even though carelessness is comparable to simple negligence. See § 316.030, Fla. Stat. (1973). Thus, there is at least some support for the constitutionality of the negligence standard in this revised child neglect statute.
We affirm the dismissals in Ayers and Traversa, and reverse the convictions and sentences in Hammond and Moulton.
PARKER, A.C.J., and QUINCE, J., concur.
NOTES
[1] We have jurisdiction to review the county court orders of dismissal because they declared section 827.05, Florida Statutes (1993), unconstitutional. Art. V, § 4(b)(1), Fla. Const.; § 26.012(1), Fla. Stat. (1993); Fla.R.App.P. 9.030(a)(1) and (b)(1)(A). We have jurisdiction to review Ms. Hammond's and Ms. Moulton's convictions because the county court certified the question of the statute's constitutionality to this court as a question of great public importance. See §§ 26.012(1), 35.065, Fla. Stat. (1993).
[2] The statute provides:

Whoever, though financially able, negligently deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment or permits a child to live in an environment, when such deprivation or environment causes the child's physical or emotional health to be significantly impaired or to be in danger of being significantly impaired shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
§ 827.05, Fla. Stat. (1993).
[3] That statute provides:

Whoever, willfully or by culpable negligence, deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment, or who, knowingly or by culpable negligence, inflicts or permits the infliction of physical or mental injury to the child, shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
§ 827.04(2), Fla. Stat. (1993).
[4] Colorado's statute provided:

A person commits child abuse if he knowingly, intentionally, or negligently, and without justifiable excuse, causes or permits a child to be: (a) Placed in a situation that may endanger the child's life or health; or (b) Exposed to the inclemency of the weather; or (c) Abandoned, tortured, cruelly confined, or cruelly punished; or (d) Deprived of necessary food, clothing, or shelter.
Colo. Rev. Stat. § 18-6-401(1) (1978). Colorado's legislature revised the statute in 1980, replacing the word "negligently" with "criminal negligence." Colo. Rev. Stat. § 18-6-401(7) (1995).
[5] New Mexico's statute provided:

Abuse of a child consists of a person knowingly, intentionally or negligently, and without justifiable cause, causing or permitting a child to be: (1) placed in a situation that may endanger the child's life or health; (2) tortured, cruelly confined or cruelly punished; or (3) exposed to the inclemency of the weather.
N.M. Stat. Ann. § 40A-6-1 (Michie 1973) (now codified at N.M. Stat. Ann. § 30-6-1(C) (Michie 1995)).
[6] South Carolina's statute provided:

Any person having the legal custody of any child or helpless person, who shall, without lawful excuse, refuse or neglect to provide the proper care and attention for such child or helpless person, so that the life, health or comfort of such child or helpless person is endangered or is likely to be endangered, shall be guilty of a misdemeanor and shall be punished within the discretion of the court.
S.C. Code Ann. § 16-3-1030 (Law.Co-op. 1976) (now codified at S.C. Code Ann. § 20-7-50 (Law. Co-op. 1994)).
South Carolina's statutes also state that harm to a child's health or welfare can occur when "the parent, guardian or other person responsible for [the child's] welfare ... fails to supply the child with adequate food, clothing, shelter, education... or health care though financially able to do so or offered financial or other reasonable means to do so." S.C. Code Ann. § 20-7-490(C)(3) (Law.Co-op. 1994).