672 So.2d 524 (1996)
STATE of Florida, Petitioner,
v.
John T. MINCEY, Respondent.
No. 86177.
Supreme Court of Florida.
April 18, 1996.
*525 Robert A. Butterworth, Attorney General and Particia Ann Ash, Assistant Attorney General, West Palm Beach, for Petitioner.
Richard L. Jorandby, Public Defender and Allen J. DeWeese, Assistant Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for Respondent.
PER CURIAM.
We have for review State v. Mincey, 658 So.2d 597 (Fla. 4th DCA 1995), wherein the Fourth District Court of Appeal held section 827.05, Florida Statutes (1991), unconstitutional and certified the following question to be of great public importance:
WHETHER THE ADDITION OF LANGUAGE ADDRESSING FINANCIAL ABILITY AND A CAUSAL RELATIONSHIP BETWEEN THE RESIDENTIAL ENVIRONMENT AND SIGNIFICANT IMPAIRMENT OF THE CHILD'S PHYSICAL AND EMOTIONAL HEALTH IN SECTION 827.05 AMOUNTS TO A WILLFUL INTENT OR SCIENTER REQUIREMENT SUFFICIENT TO OVERCOME THE HOLDING IN WINTERS.[[1]]
658 So.2d at 598-99. We have jurisdiction pursuant to article V, §§ 3(b)(1) & (4) of the Florida Constitution. For the reasons expressed below, we approve the decision under review.
Mincey was charged with violating section 827.05, Florida Statutes (1991), after his 5-year-old stepson was found wandering the streets late at night. Mincey moved to dismiss the charges based on this Court's decision in State v. Winters, 346 So.2d 991 (Fla. 1977), which held section 827.05, Florida Statutes (1975), unconstitutional. Agreeing that Mincey had been charged under an unconstitutional statute, the county court dismissed the charges and certified its decision to the district court. The district court affirmed, concluding that section 827.05 remains unconstitutional. We agree.
In Winters, this Court declared section 827.05, Florida Statutes (1975), Florida's negligent treatment of children statute, "unconstitutionally vague, indefinite and overbroad." Winters 346 So.2d at 994. The following year, the Court clarified its holding in Winters, explaining that section 827.05 was unconstitutionally vague because it criminalized the negligent treatment of children without adequate guidelines. State v. Joyce, 361 So.2d 406, 407 (Fla.1978) (in the face of a vagueness challenge, the Court upheld section 827.04(2), Florida's simple criminal child abuse statute, which prohibits the willful or culpably negligent deprivation of necessary food, clothing, shelter or medical treatment).
When struck down as unconstitutional in Winters, section 827.05 read in pertinent part:
Negligent Treatment of Children.Whoever negligently deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment is guilty of a misdemeanor of the second degree....
§ 827.05, Fla.Stat. (1975).
In 1977, the legislature amended section 827.05 by adding the underscored language:

*526 Negligent Treatment of Children.Whoever, though financially able, negligently deprives a child of, or allows a child to be deprived of, necessary food, clothing, shelter, or medical treatment or permits a child to live in an environment when such deprivation or environment causes the child's physical or emotional health to be significantly impaired or is in danger of being significantly impaired shall be is guilty of a misdemeanor of the second degree...."
Ch. 77-429, § 2, at 1747, Laws of Fla. (amending § 827.05, Fla.Stat. (1975)). The only substantive changes made by the legislature was to add the words, "though financially able" and "or permits a child to live in an environment, when such deprivation or environment causes the child's physical or emotional health to be significantly impaired or is in danger of being significantly impaired," to the text that was held unconstitutional in Winters. The addition of these words does not clarify the type of conduct that is prohibited under the statute. Whatever the reason for the additions, they simply do not correct the vagueness problem recognized in Winters and Joyce.
As did the 1975 version of the statute, the amended statute fails to give parents and others susceptible to child abuse charges fair notice of what type of behavior will subject them to criminal sanctions under the statute. Accordingly, because the statute remains unconstitutionally vague, we approve the decision under review.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] State v. Winters, 346 So.2d 991 (Fla.1977).