KLEIN, Judge.
Appellee was a corrections officer at Glades Correctional Institute when six inmates escaped. He was charged with violating section 843.10, Florida Statutes (1995), which provides as follows:
Escape by negligence of officer. — If a jailer or other officer, through negligence, suffers a prisoner in his custody upon conviction of any criminal charge to escape, he shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083.
The trial court dismissed the charges on the ground that the statute is unconstitutional. We affirm.
In State v. Winters, 346 So.2d 991 (Fla.1977), our supreme court held a statute criminalizing the negligent treatment of children unconstitutional because it made purely negligent conduct a crime without a showing of willfulness or even culpable negligence. Eighteen years later this court held that amendments to the same statute did not cure the defect which was the basis of the supreme court’s decision in Winters. State v. Mincey, 658 So.2d 597 (Fla. 4th DCA 1995), (holding section 827.05, Florida Statutes (1993) unconstitutional and certifying the question as one of great public importance).
When the appellant challenged the constitutionality of the statute under which he was charged, the state conceded that our decision in Mincey required the trial court to hold it unconstitutional. The state appealed, however, hoping that the supreme court would reverse our decision in Mincey. After the briefs were filed on this appeal, the Florida supreme court approved our decision in Mincey. State v. Mincey, 672 So.2d 524 (Fla.1996). Because we are unable to discern any distinction between the statute involved in the present case, and the statute involving negligent treatment of children, so far as the constitutional issue is concerned, we affirm the trial court’s conclusion that section 843.10 is unconstitutional.
The state makes an alternative argument, asking us to interpret the statute to require culpable negligence on the theory that this limiting construction would cure the problem. The state advanced this same argument in a case involving a statute which criminalized pollution resulting from simple negligence; however, our supreme court concluded that such an interpretation would not be appropriate. State v. Hamilton, 388 So.2d 561 (Fla.1980). We therefore reject that argument.
Affirmed.
GUNTHER, C.J., and STEVENSON, J., concur.