PER CURIAM.
This case is before us on direct appeal from an order of the Leon County Circuit Court (i) denying a motion to suppress certain evidence seized by agents of the Florida Department of Criminal Law Enforcement and (ii) holding constitutional the search and seizure authority granted to the Department in Chapter 943, Florida Statutes (1975). Appellant entered a plea of no contest to three counts of possession of a stolen vehicle and reserved the right to appeal the trial court’s ruling under the doctrine announced in State v. Ashby, 245 So.2d 225, 228 (Fla.1971). We have jurisdiction to review the trial court’s order under Article V, Section 3(b)(1) of the Florida Constitution.
The principal contentions of the appellant deal with the legal authority of the Department’s agents to obtain and execute search warrants, and the constitutionality of the manner in which the Legislature granted them this investigative authority. We have considered other issues *54 raised by the appellant and find them to be without merit.[1]
The Department of Criminal Law Enforcement Act of 1974 was enacted by the Legislature to assist local governments in combating crime and to provide the means for statewide enforcement of the criminal laws of Florida. The provision of that Act under attack here is Section 943.-04(2)(a), Florida Statutes (1975), which provides:
“Under appropriate rules and regulations adopted by the department, or by written order of the governor or by direction of the legislature acting by a concurrent resolution, and at the direction of the executive director, the division of law enforcement may investigate violations of any of the criminal laws of the state, and shall have authority to bear arms, make arrests and apply for, serve and execute search warrants, arrest warrants, capias, and other process of the court.”
On the effective date of the new Act, the Governor issued Executive Order 74-38, which in relevant part provides:
“I . . . hereby authorize, order and direct the Florida Department of Criminal Law Enforcement, . . . and all special agent-investigative personnel, to investigate violations of any of the criminal laws of the State and the misconduct in connection with their official duties of public officials and employees of officials and members of public corporations and authorities subject to suspension or removal by the Governor, and do further hereby authorize the Executive Director and all special agent-investigative personnel under his supervision to bear arms, make arrests and apply for, serve and execute search warrants, arrest warrants, capias and other process of the court.”
Appellant contends that Executive Order 74-38 was inadequate to authorize the exercise of the powers conferred in the statute, inasmuch as the Legislature intended that a more precise statement of the procedures to be followed by departmental agents be established through rules adopted by the Governor. Since the procedures are inadequate, appellant argues, the Department’s agents lacked authority to obtain and execute any search warrant and the evidence seized in this case must be suppressed. We disagree.
Section 943.04(2)(a) creates three alternatives by which the Department’s agents may be directed to exercise the investigatory powers granted in the Act. One of the contemplated methods is a “written order of the Governor”. The plain language of the Act negates appellant’s suggestion that the Governor is required to promulgate rules, in accordance with the Administrative Procedure Act, before ordering the Department into action. The Governor’s power to initiate action by “written order” is, by its terms, in sharp contrast with the two alternative methods of initiating action by departmental “rule” or by concurrent resolution of the Legislature. Since the Legislature is not subject *55 to the Administrative Procedure Act,[2] it is obvious that rules need not be promulgated before the adoption of a concurrent resolution by that body. It follows that the statutory alternatives were intended to mean exactly what they say, namely that the authorized administrative agency was not excused from compliance with the Administrative Procedure Act as a prelude to its launching an investigation under Chapter 943, but that the Legislature and Governor were free to act in their normal, constitutional way (legislative resolution and gubernatorial order) without preliminary administrative regulations.[3]
In this case, the Governor chose to order the investigation of all illegal conduct of state officials and employees.[4] He acted within his authority under Chapter 943 and the agents complied with the statutory requirements for search warrants found in Chapter 933, Florida Statutes (1975).[5] We hold, therefore, that the Department was validly ordered to exercise its investigatory powers and had the power in this case to obtain and execute the search warrant in question.
Appellant also contends that Section 943.04(2)(a) constitutes a delegation of legislative power to the executive branch of government in violation of the separation of powers prescribed in Article II, Section 3 of the Florida Constitution, in that the statute vests the Governor with unlimited discretion to determine the breadth or application of the investigatory powers exercisable by the Department. This argument is based on the language of Bailey v. Van Pelt, 78 Fla. 337, 82 So. 789 (1919), where this Court explained that the Constitution forbids the delegation of “the power to enact a law, or to declare what the law shall be, or to exercise an unrestricted discretion in applying a law ,.”[6]
The Legislature did not here authorize an unbridled exercise of executive discretion to investigate matters outside the sphere of duty already imposed on the chief executive by Article IV, Section 1(a) of the Constitution. A prohibited form of discretion would exist if this or any other statute conferred on the executive branch a discretionary authority it does not have already or which, for all practical purposes, is equivalent to the law-making power itself. In the area of law enforcement, the resources of the state must be marshalled and focused in the manner deemed most efficacious at the time. The burden of this task falls on the executive branch of government, although the power to determine what is or what is not criminal behavior is peculiarly within the province of the Legislature. These distinctive functions have not been blurred here.
There being no constitutional infirmity in Section 943.04(2)(a) or in the manner in which the investigation, search and arrests were made in this case, the order of the trial court is affirmed.
OVERTON, C. J., and ROBERTS, ADKINS, BOYD, SUNDBERG and HATCH-ETT, JJ., concur.
ENGLAND, J., concurs with an opinion.

. It is argued that the affidavit upon which the search warrant issued did not provide a sufficient basis for a finding of probable cause. Our review of the affidavit discloses that there were more than adequate facts. State v. Wolff, 310 So.2d 729 (Fla.1975). It is also argued that Department agents conducted a search beyond the scope of the warrant, or that the warrant authorized an unconstitutional general search. The warrant was quite specific as to what was to be seized and its location, and we do not find it defective. The record before us is inadequate for consideration of appellant’s alternative argument, there being no hearing transcript bearing on the. scope of the agents’ search and no lucid stipulation of the facts by counsel. The clerk of this Court brought the unsatisfactory status of the record to the attention of appellant’s counsel, but he elected to stand upon the record as filed. We must therefore affirm the trial court’s ruling on this issue, as no error has been made to appear. Finally, it is argued that the Department’s agents making the seizures involved here did not act “at the direction of the executive director.” See § 943.04(2)(a), Fla.Stat. (1975). We do not conceive this statutory language to require specific approval of every action taken by an agent. Rather, it exists to insure that supervisory responsibility remains in the executive director as head of the agency. The status of the agents as employees of the Department is not contested.

. § 120.50 et seq., Fla.Stat. (1975).

. It is problematical whether the Governor would be subject to the Administrative Procedure Act for this activity in any event. The Act exempts the Governor in the exercise of his constitutional duties. § 120.52(l)(a), Fla.Stat. (1975). The power to see that laws are faithfully executed, which is essentially what Chapter 943 is designed to achieve, derives from Article IV, Section 1(a) of the Florida Constitution.

. We construe that portion of the Governor’s Executive Order which authorizes the investigation of the “misconduct” of public officials to mean those acts of misconduct which violate the criminal laws of the state. The Governor has no power under the Act to direct an investigation of lesser forms of misconduct.

. See § 933.07, Fla.Stat. (1975), permitting the issuance of search warrants “to any sheriff and his deputies or any police officer or other person authorized by law . . Section 943.-04(2)(c), Fla.Stat. (1975) states that investigators of the Department “shall be considered peace officers for all purposes.”

. 82 So. at 793.