Robert Graham Governor Tallahassee
QUESTIONS:
1. Is the State Nursing Home Ombudsman Committee a state agency as defined by Ch. 120, F. S., the Administrative Procedure Act?
2. Are the 11 district nursing home ombudsman committees state agencies as defined in Ch. 120, F. S.?
SUMMARY:
State and district nursing home ombudsman committees are not agencies as defined by and for the purposes of the Administrative Procedure Act and are not subject to the requirements thereof. A `committee' is not defined as a unit of state government by, or expressly subject to, the requirements of that act by legislative act or judicial decision, and the ombudsman committees are essentially advisory in nature and take no final action to determine the substantial interests of any affected person.
As these questions are interrelated, they will be answered together.
The Legislature established in 1975 a state and 11 district (formerly regional) nursing home ombudsman committees `. . . to receive, investigate, and resolve complaints against nursing home facilities.' Section 24, Ch. 75-233, Laws of Florida.
The State Nursing Home Ombudsman Committee (State Ombudsman Committee) is created in the office of the Governor, and composed of nine members appointed by the Governor. Section 400.304(1) and (3), F. S. The duties of the State Ombudsman Committee are to help establish and coordinate the district committees, serve as an appellate body on unresolved complaints from the district committees, develop procedures for resolution of complaints, enlist local assistance for improving nursing home care, and present an annual report setting out an appraisal of nursing home problems and recommendations for improving such facilities. Section 400.304(2), F. S.
A district nursing home ombudsman committee (district ombudsman committee) is to be established in each district of the Department of Health and Rehabilitative Services. Section 400.307(1), F. S. The district ombudsman committees are composed of 12 members appointed by the Governor, s. 400.307(3), and have the duty to serve as a mechanism for the protection of nursing home residents; discover and investigate abuse or neglect in such facilities; elicit, receive, respond to, and resolve complaints made by nursing home residents; review all rules and regulations pertaining to nursing home facilities; enter and investigate such facilities; and review Medicaid patients' property and accounts. Section 400.307(2). The powers of the state and district ombudsman committees in regard to the resolution of complaints are set forth in s. 400.317, F. S., and include making such complaints public, referring complaints to the state attorney, and making recommendations to the Department of Health and Rehabilitative Services to effect rule changes, suspend Medicaid payments, or initiate license revocation proceedings.
Section 120.52(1), F. S., provides in pertinent part that, for purposes of the Administrative Procedure Act, `agency' means:
 (a) The Governor in the exercise of all executive powers other than those derived from the Constitution.
 (b) Each other state officer and each state department, departmental unit described in s. 20.04, commission, regional planning agency, board, district, and authority, including, but not limited to, those described in chapters 160, 163, 298, 373, 380, and 582, except any legal entity or agency created in whole or in part pursuant to chapter 361, part II.
 (c) Each other unit of government in the state, including counties and municipalities to the extent they are expressly made subject to this act by general or special law or existing judicial decisions.
Section 20.04, F. S., sets forth the structure of the executive branch into units composed of `departments,' `divisions,' `bureaus,' and `sections' and provides that `[a]ll departments and units thereof shall be subject to the requirements of the Administrative Procedure Act. . . .' Section 20.04(7). By its terms, neither s. 120.52, F. S., nor s. 20.04 specifically refers to a state or district `committee' or identifies a `committee' as a unit of a department, and neither section explicitly subjects a `committee' to the provisions of Ch. 120, F. S., and under the general rule of expressio unius est exclusio alterius, the failure of the Legislature to include `committees' within the definition of `agency' in s. 120.52(1) or to identify a `committee' as a departmental unit implies its exemption from the operation of the statute. Thayer v. State, 335 So.2d 815 (Fla. 1976). It might be contended that since the state and district ombudsman committees are established in the office of the Governor, who, in the exercise of executive powers not derived from the Constitution, is subject to the requirements of Ch. 120, then such committees should fall within the ambit of the act. Compare In re Advisory Opinion of the Governor, 334 So.2d 561 (Fla. 1976), and Thompson v. State, 342 So.2d 52 (Fla. 1977). Section 120.52(1)(a), however, makes no reference to `committees' within the office of the Governor, and s. 400.301, et seq., do not authorize any exercise of executive powers of the Governor, other than the constitutionally derived appointment power. Sections 400.304(3) and 400.307(3).
Moreover, s. 20.03(8), F. S., for purposes of uniformity in the executive branch, defines `committee' as:
 . . . an advisory body appointed to study a specific problem and recommend a solution or policy alternative within a time certain with respect to that problem. Its existence shall terminate upon the completion of its assignment.
See also 15A C.J.S. Committee s. 13, defining committee as `a person or persons to whose consideration or determination certain business is referred or confided.' In this respect, it appears that the state and district ombudsman committees serve primarily in an advisory capacity. The committees are authorized to elicit, receive, respond to, and resolve complaints; however, the committees do not make final determinations, but rather make referrals of complaints to the state attorney (s. 400.317(2)(c), F. S.) or make recommendations to the Department of Health and Rehabilitative Services to effect rulemaking or take action against a nursing home facility. Section 400.317(2)(b), (d), and (e). Indeed, s. 400.317(2)(e) specifically contemplates that the proceedings of the department which would constitute final agency action are subject to the requirement of ch. 120; accordingly, persons whose substantial interests are affected by recommendations of the state and district ombudsman committees are not foreclosed from the administrative review processes.
The State Ombudsman Committee is authorized under s. 400.317(2)(a), F. S., to `make public the complaint, the committee's recommendations, and the response of the nursing home facility; however, in no case shall the names of the individuals involved in the complaint be disclosed.' Arguably, this limited publication of complaints may be characterized as final action affecting the substantial interests of those persons involved in the complaint; however, the terms of the statute preclude disclosure of the identity of the individuals involved, and, indeed, s. 400.321, F. S., mandates that such proceedings before the committees be confidential and prevents members of such committees from appearing or testifying in court with respect to confidential matters, except as may be necessary to enforce the statute. Under these circumstances, subjecting the state and district ombudsman committees to the wide ranging discovery and hearing proceedings of s. 120.57, F. S., would conflict with the confidentiality restrictions of s. 400.321, and the statute should not be given such a disharmonious construction. American Bakeries Co. v. Haines City, 180 So. 24 (Fla. 1938).
It might further be contended that the state and district ombudsman committees are units of government in the state under s.120.52(1)(c) and, therefore, subject to the act. As previously indicated, the Legislature has not identified a `committee' as aunit of a department of state government. Moreover, under s.120.52(1)(c), a `unit of government in the state' is subject to the Administrative Procedure Act only if expressly made subject thereto by legislative act or judicial decision. Attorney General Opinion 077-142. See also Amerson v. Jacksonville Electric Authority, 362 So.2d 433 (1 D.C.A Fla., 1978), and Siddeeq v. Tallahassee Memorial Hospital, 364 So.2d 99 (1 D.C.A. Fla., 1978). Here the state and district ombudsman committees have not been expressly subjected to the requirements of Ch. 120, either by legislative act or judicial decision. The committees are essentially advisory in nature and, unlike the Department of Health and Rehabilitative Services in s. 400.317(2), do not take final action in regard to a determination of the substantial interests of any affected person.
In summary, therefore, I conclude that the state and district nursing home ombudsman committees are not agencies within the definitional purview of, and for the purposes of, the Administrative Procedure Act and are not subject to the requirements thereof.
Prepared by:
Richard A. Hixson Assistant Attorney General