PER CURIAM.
In these consolidated appeals, Wells and Schaub seek review of a final judgment entered June 23, 1987, by Judge Logan determining that certain investigative files of the offices of the sheriff and state attorney were inactive and therefore subject to inspection. See §§ 119.011(1), 119.07(l)(a), Fla.Stat. (1988 Supp.).* The Sarasota Herald-Tribune appeals a subsequent order entered on May 12, 1988, by Judge Adams determining that the same files are exempt from disclosure by reason of an active prosecution which arose from an indictment rendered two days after the June 23, 1987, judgment.
In reviewing the final judgment of June 23, 1987, we have conducted an in camera inspection of the files in question. We determine that the judgment of June 23, 1987, is not supported by competent substantial evidence. We find that the criminal investigation to which these files relate was active and ongoing with a “reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future” on each of the dates the Herald-Tribune made demand that they be disclosed. § 119.011(3)(d)(2), Fla.Stat. (1988 Supp.). Therefore, the files were exempt from disclosure pursuant to section 119.07(3)(d), Florida Statutes (1988 Supp.), and the final judgment of June 23, 1987, is reversed.
Having so determined, we do not reach the issues raised by the appeal from the *1106 order of May 12, 1988, which are now rendered moot.
SCHEB, A.C.J., and SCHOONOVER and PATTERSON, JJ., concur.

 The provisions of the Public Records Act pertinent to this appeal have remained unchanged since the first records request in 1986.