Edwin Green Chairman Construction Industry Licensing Board
LQUESTION: May the Construction Industry Licensing Board designate new specialties in the construction industry for mandatory licensing?
SUMMARY: The Construction Industry Licensing Board is authorized to establish by rule categories of specialty contractors which may be certified under Part I, Ch. 489, F.S. However, absent a specific grant of statutory authority with adequate guidelines for exercising the delegated authority, the board may not designate new specialties for mandatory licensing in the construction industry.
The Construction Industry Licensing Board (board) is empowered to carry out the provisions of Part I, C. 489, F.S., to regulate the construction industry.[1] Section 489.107(4), F.S., divides the board into two divisions with the following jurisdiction:
 (a) Division I is comprised of the general contractor, building contractor, and residential contractor members of the board . . . . Division I has jurisdiction over the examination and regulation of general contractors, building contractors, and residential contractors. (b) Division II is comprised of the roofing contractor, sheet metal contractor, air conditioning contractor, mechanical contractor, pool contractor, plumbing contractor, and underground utility contractor members of the board . . . . Division II has jurisdiction over the examination and regulating of roofing contractors, sheet metal contractors, air conditioning contractors, mechanical contractors, pool contractors, plumbing contractors, and underground utility contractors.
Thus, the board's jurisdiction, while divided between two separate divisions, is limited to the examination and regulation of the contractors named in the statute.[2] The Legislature has specified the areas of expertise in construction which require licensure. No others may be inferred nor created absent express authority.[3]
Section 489.105(12), F.S. (1990 Supp.), provides that "[c]ategories of specialty contractor shall be established by the board by rule." The board also may, by rule, designate those types of specialty contractors which may be certified.[4]
"Specialty contractor" is defined as:
[A] contractor whose scope of work and responsibility is limited to particular phase of construction or whose scope of work is limited to a subset of the activities described in the categories established in paragraphs (a)-(n) of subsection (3). . . .[5]
The board's authority to establish categories of specialty licenses would appear to be limited to subsets within the activities set forth in s. 489.105, F.S. (1990 Supp.), or to a particular phase of construction. The boars's authority to establish categories of specialty contractors or to designate those specialty contractors which may be certified, however, would not appear to encompass the mandatory licensing of new specialties.[6]
To conclude otherwise would effectively grant the board the authority to prescribe criminal behavior, since s. 489.127(1), F.S. (1990 Supp.), provides that persons who engage in contracting activity without a license are subject to criminal prosecution.[7]
Clearly, the power to determine what is or is not criminal behavior is peculiarly within the province of the Legislature and may not be delegated to the board.[8]
The state's power to require licensure of occupations is derived from its regulatory or police powers.[9] Delegation of such power must be accompanied by sufficient guidelines or standards to ensure against arbitrary action by the agency exercising the licensing power.[10] I have found no guidelines or standards which could be construed to allow the board to designate new categories of contractors for mandatory licensure.
Accordingly, while the Construction Industry Licensing Board may designate by rule specialty contractors and those types of specialty contractors which may be certified, the board is not authorized to create new specialties for mandatory licensing under Part I, C. 489, F.S.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See, ss. 489.101 and 489.107(1), F.S.
[2] See, Lee v. Division of Land Sales and Condominiums, 474 So.2d 282 (5 D.C.A. Fla., 1985) (administrative agency has only such power as is expressly or by necessary implication is granted by the legislative enactment; it may not increase its own jurisdiction and, as a creature of statute, has no inherent power.
[3] See, Thayer v. State, 335 So.2d 815, 816 (Fla. 1976) (when a statute enumerates the things upon which it operates or forbids certain things, it is construed to exclude from its operation all things not expressly mentioned).
[4] Section 489.113(6), F.S. (1990 Supp.). Cf., AGO 79-90 (electrical contractors' board requirement to adopt rule designating specialty contractors who may be certified under the electrical contractors' licensing act authorizes the board to administer separate electrical contractors' certification examinations appropriate to the particular class of specialty contractor seeking certification). See also, s. 489.117(5), F.S., requiring that registration must be granted to a specialty contractor, provided local licensing is required for that specialty; indicating that there are categories of specialty contractors which may be required to be licensed locally, but not necessarily certified statewide.
[5] Section 489.105(12), F.S. (1990 Supp.).
[6] A review of the legislative history of House Bill 1646, Florida House of Representatives Committee on Regulatory Reform, Committee Substitute for House Bill 1646, passed as Committee Substitute for Senate Bill 155, Tape 1 and 2, April 18, 1988, allowing the board to establish categories of specialty contractors by rule includes testimony form Mr. Mike Blankenship, vice chairman elect of the Florida Construction Industry Licensing Board expressing his feelings that the board should have the authority to license specialty contractors by rule, rather than categorizing each specialty in the statutes. There was no committee discussion prior to the bill's approval, however, indicating such intent.
[7] Section 489.127(2), F.S. (1990 Supp.), provides that any person who violates any provisions of s. 489.127(1), F.S., which includes a prohibition that no person shall engage in the business of or act in the capacity as a contractor without being duly registered or certified, is guilty of a misdemeanor of the first degree.
[8] See, Thompson v. State, 342 So.2d 52, 55 (Fla. 1976), and Hill v. State, 434 So.2d 974, 975 (5 D.C.A. Fla., 1983) (Legislature proscribes crimes and prescribes punishment limits).
[9] See, Junco v. State Board of Accountancy,390 So.2d 329, 331 (Fla. 1980) (state's authority to regulate professions is derived from its police powers and may be exercised to promote the public health, safety, morals or general welfare).
[10] See, Harrington Company, Inc. v. Tampa Port Authority, 358 So.2d 168, 169 (Fla. 1978),