Mr. James T. Moore Commissioner, Florida Department of Law Enforcement Post Office Box 1489 Tallahassee, Florida 32302-1489
Dear Mr. Moore:
You ask the following question:
Does Part I, chapter 23, Florida Statutes, the Florida Mutual Aid Act, authorize state and local law enforcement agencies in the State of Florida to enter into a mutual aid agreement with a law enforcement agency of the United States for the purpose of allowing state or local law enforcement officers to assist in the enforcement of federal law as may be authorized by the terms of the agreement?
In sum:
Part I, chapter 23, Florida Statutes, the Florida Mutual Aid Act, authorizes state and local law enforcement agencies in the State of Florida, to enter into a mutual aid agreement with a law enforcement agency of the United States for the purpose of allowing state or local law officers to assist in the enforcement of federal law as may be authorized by the terms of the agreement.
Part I of chapter 23, Florida Statutes, constitutes the Florida Mutual Aid Act.[1] Section 23.121, Florida Statutes, sets forth the policy and purpose of the act:
Because of the existing and continuing possibility of the occurrence of natural or manmade disasters or emergencies and other major law enforcement problems, including those that cross jurisdictional lines, and in order to ensure that preparations of this state will be adequate to deal with such activity, protect the public peace and safety, and preserve the lives and property of the people of this state, it is found and declared to be necessary:
* * *
(g) To allow a law enforcement agency to enter into a mutual aid agreement with another law enforcement agency of this state or any other state or with any law enforcement agency of the United States or its territories. (e.s.)
Thus, the statute expressly provides for state and local law enforcement agencies to enter into a mutual aid agreement with a law enforcement agency of the federal government. The Florida Department of Law Enforcement (FDLE), which is statutorily authorized to "exercise of the state police power for the protection of the welfare, health, peace, safety, and morals of the people [of the State of Florida]," clearly constitutes a law enforcement agency of this state.[2] Accordingly, under the plain language of the act, FDLE is authorized to enter into a mutual aid agreement with a law enforcement agency of the United States.
As used in the act, the term "mutual aid agreement" refers to
(1) A voluntary cooperation agreement, in writing, between two or more law enforcement agencies which permits voluntary cooperation and assistance of a routine law enforcement nature across jurisdictional lines;
(2) A requested operational assistance agreement, in writing, between two or more law enforcement agencies for the rendering of assistance in a law enforcement emergency; or
(3) A combination of the agreements described in (1) and (2).[3]
The act recognizes that law enforcement assistance will cross jurisdictional lines under a mutual aid agreement.[4] A mutual aid agreement between law enforcement agencies in this state and any law enforcement agency of another state or of the United States or its territories has the status of an interstate compact.[5]
Section 23.127(1), Florida Statutes, provides:
Any employee of any Florida law enforcement agency who renders aid outside the employee's jurisdiction but inside this state pursuant to the written agreement entered under this part has the same powers, duties, rights, privileges, and immunities as if the employee was performing duties inside the employee's jurisdiction. Any employee rendering aid pursuant to an interstate mutual aid agreement entered under this part shall have such powers, duties, rights, privileges, and immunities as the parties agree are consistent with the laws of the jurisdiction involved and with the purposes for which such agreement was entered. (e.s.)
The first sentence of section 23.127(1) provides that law enforcement officers rendering aid outside their jurisdiction but within the state have the same powers as if they were performing such duties within their jurisdiction. The second sentence of section 23.127(1), however, provides that employees rendering aid pursuant to an interstate mutual aid agreement may exercise such powers as the parties agree are consistent with the laws of the jurisdictions involved and the purposes for which the agreement was entered. Thus, it appears that the agreement may prescribe those powers which may be exercised by the employees of the state or local law enforcement agency provided such powers are not inconsistent with state or federal law or with the purpose for which the agreement was entered.
In light of the above, I am of the opinion that Part I, chapter 23, Florida Statutes, the Florida Mutual Aid Act, authorizes state and local law enforcement agencies in the State of Florida, to enter into a mutual aid agreement with a law enforcement agency of the United States for the purpose of allowing state or local law officers to assist in the enforcement of federal law as may be authorized by the terms of the agreement.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 23.12, Fla. Stat. (1993).
[2] Section 943.03(7), Fla. Stat. (1993). Thompson v. State,342 So.2d 52 (Fla. 1976) (FDLE was created to provide the means for statewide enforcement of the criminal laws of Florida).
[3] See, s. 23.1225(1)(a), (b), and (c), Fla. Stat. (1993). The agreement must specify the nature of the law enforcement assistance to be rendered, the agency that shall bear any liability arising from the acts undertaken under the agreement, the procedures for requesting and authorizing assistance, the agency that has command and supervisory responsibility, a time limit for the agreement, the amount of any compensation or reimbursement to the assisting agency, and any other terms and conditions necessary to give it effect.
[4] See, e.g., s. 23.1225(1)(a), Fla. Stat. (1993), describing voluntary cooperative agreements permitting assistance of a law enforcement nature across jurisdictional lines.
[5] Section 23.127(4), Fla. Stat. (1993). The statute further provides that in any case or controversy involving the interpretation of such compact or liability thereunder, the law enforcement agencies which are parties to the agreement are real parties in interest and the state may maintain an action to recoup or otherwise make itself whole for any damages or liability that it incurs by reason of being joined as a party. Such action is maintainable against any public agency whose acts or omissions caused or contributed to the incurring of damages or liability by the state.