Mr. James T. Moore, Executive Director Florida Department of Law Enforcement Post Office Box 1489 Tallahassee, Florida 32302-1489
Dear Commissioner Moore:
You ask the following question:
Is the information contained in the statewide, integrated violent crime information system, authorized and currently being developed and implemented pursuant to section 943.03(12), Florida Statutes, exempt from disclosure under section 119.07, Florida Statutes?
In sum:
Information contained in the statewide, integrated violent crime information system constitutes active criminal intelligence and criminal investigative information and is, therefore, exempt from disclosure under section 119.07, Florida Statutes.
Section 943.03(12), Florida Statutes, provides:
The [Department of Law Enforcement] may establish, implement, and maintain a statewide integrated violent crime information system capable of transmitting criminal justice information relating to violent criminal offenses to and between criminal justice agencies throughout the state. In consultation with the Florida Violent Crime Council, the department is authorized to initiate a pilot project in order to demonstrate and test such a system. The council must report on the status of the development of the statewide, integrated violent crime information system in the council's annual report due on December 30, 1993.[1]
According to your letter, the Violent Crime Information System (ViCIS), allows law enforcement investigators to access information within the system to determine if certain factors of significance to the inquiring officer's investigation can be matched to factors present in other cases under investigation. You state that the system promises to be a significant advancement in the ability of law enforcement officers to share information about their cases to determine if there is a common perpetrator involved.
The ViCIS system serves as a "modus operandi" identification system designed to "match" the common factors noted in one investigation with others within the database. The effectiveness of the system is dependent upon the quantity and quality of the information contained within that database. The "modus operandi" factors are input into the system from information derived from criminal intelligence and criminal investigative information as defined in section 119.011(3), Florida Statutes.
While much of the data in the ViCIS system will be derived from active criminal investigations, some information may be derived from non-active case reports. According to your letter, once the information is in the ViCIS system, the Florida Department of Law Enforcement (FDLE) would be unable to distinguish between ViCIS information derived from a contributor's non-active case and information derived from a contributor's active case. You have advised this office, however, that the ViCIS database will be periodically "swept" to remove archaic or otherwise non-useful information.
Concerns have been raised by potential contributors of information to ViCIS as to whether the information contained in the system would be exempt from disclosure under the Public Records Law. You state that FDLE believes that the information compiled and placed in the ViCIS program constitutes "active criminal investigative" or "active criminal intelligence" information regardless of whether the information was compiled from active or non-active criminal investigative reports. You recognize that certain information is exempted from the definition of "criminal intelligence information" and "criminal investigative information" by section 119.011(3)(c), Florida Statutes; however, FDLE anticipates that the ViCIS database will not include such information as described in section 119.011(3)(c).[2]
Section 119.07(1)(a), Florida Statutes, establishes a right of access to public records in clear and unequivocal terms.[3] The term "public records" is broadly defined and encompasses information stored in a computer.[4] Only those records that are currently provided by law to be confidential or that are prohibited from being inspected by the public, whether by general or special law, are exempt from the disclosure provisions of section119.07(1).[5]
Section 119.07(3)(d), Florida Statutes, exempts active criminal intelligence and active criminal investigative information from public inspection. Therefore, to be exempt, the record must be both "active" and constitute either "criminal investigative" or "criminal intelligence" information.
The term "criminal intelligence information" is statutorily defined to mean information concerning "an identifiable person or group of persons collected by a criminal justice agency in an effort to anticipate, prevent, or monitor possible criminal activity."[6] Such information is "active" as long "as it is related to intelligence gathering conducted with a reasonable, good faith belief that it will lead to detection of ongoing or reasonably anticipated criminal activities."[7]
"Criminal investigative information" refers to information concerning "an identifiable person or group of persons compiled by a criminal justice agency in the course of conducting a criminal investigation of a specific act or omission, including, but not limited to, information derived from laboratory tests, reports of investigators or informants, or any type of surveillance."[8]
Such information is "considered `active' as long as it is related to an ongoing investigation which is continuing with a reasonable, good faith anticipation of securing an arrest or prosecution in the foreseeable future."[9]
As a state agency authorized to exercise the "state police power for the protection of the welfare, health, peace, safety, and morals of the people" of this state,[10] FDLE clearly constitutes a "criminal justice agency" as that term is defined in section119.011(4), Florida Statutes.[11]
The purpose of the exceptions for criminal investigation and criminal intelligence information is to prevent premature disclosure of information when such disclosure could impede an ongoing investigation or allow a suspect to avoid apprehension or escape detection.[12] You state that it is FDLE's belief that the nature of the information within the ViCIS program is such that public disclosure of the information and "matches" made
would be of terrific detriment to ongoing criminal investigations for self-evident reasons, not the least of which could be "tipping" a perpetrator that his or her crimes around the state have been linked in a manner that greatly increases the chances of arrest, or reported "links" of one crime to another when, in fact, such "links" have not been verified by follow-up investigative effort.
Even though a case report may not be related to an "active criminal investigation" at the source agency, the information in such reports may be of great value to investigators in other areas of the state as it may relate to yet unsolved violent crime investigations. The subject of the no-longeractive criminal investigation reports may have engaged in similar criminal conduct elsewhere in the state and the "modus operandi" noted in the no-longer-active case could provide important leads to solving other cases. It is for these reasons that such information is placed into the ViCIS system.
Thus, while some of the information contained in the ViCIS system may have come from non-active investigations, it is collected by FDLE in order to anticipate, prevent and monitor criminal activity and to assist in the conduct of ongoing criminal investigations. Accordingly, in the hands of FDLE for inclusion in the ViCIS system, such information would appear to fall within the statutory exemption for active criminal intelligence or criminal investigative information.[13]
You have advised this office that the database will be periodically swept to remove any archaic or non-useful information from the system. Such a review will help ensure that the system contains only information that is gathered with a reasonable good faith belief that it will lead to the detection of ongoing or reasonably anticipated criminal activities or will assist in an investigation that is continuing with a reasonable good faith anticipation of securing an arrest or prosecution.
Accordingly, I am of the opinion that the information contained in the statewide, integrated violent crime information system, with the exception of that information set forth in section119.011(3)(c), Florida Statutes, constitutes active criminal intelligence and criminal investigative information and is, therefore, exempt from disclosure under section 119.07, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Subsection (12) was added to section 943.03, Florida Statutes, by section 4, chapter 93-204, Laws of Florida. And see, s. 1, ch. 93-204, Laws of Florida, creating the Florida Violent Crime Council.
[2] See, s. 119.011(3)(c), Fla. Stat., excluding the following from the definition of "criminal intelligence information" and "criminal investigative information":
1. The time, date, location, and nature of a reported crime. 2. The name, sex, age, and address of a person arrested or of the victim of a crime except as provided in s. 119.07(3)(h). 3. The time, date, and location of the incident and of the arrest. 4. The crime charged. 5. Documents given or required by law or agency rule to be given to the person arrested, except as provided in s.119.07(3)(h), and, except that the court in a criminal case may order that certain information required by law or agency rule to be given to the person arrested be maintained in a confidential manner and exempt from the provisions of s. 119.07(1) until released at trial if it is found that the release of such information would: a. Be defamatory to the good name of a victim or witness or would jeopardize the safety of such victim or witness; and b. Impair the ability of a state attorney to locate or prosecute a codefendant.
[3] Section 119.07(1)(a), Florida Statutes, provides in part:
Every person who has custody of a public record shall permit the record to be inspected and examined by any person desiring to do so, at any reasonable time, under reasonable conditions, and under supervision by the custodian of the public record or his designee. . . .
And see, s. 119.01(1), Fla. Stat. (1993) (It is the policy of this state that all state, county, and municipal records shall at all times be open for a personal inspection by any person). Cf., art. I, s. 24, Fla. Const., establishing a constitutional right of access to public records.
[4] See, s. 119.011(1), Fla. Stat. (1993), and Shevin v. Byron, Harless, Schaffer, Reid and Associates, Inc., 379 So.2d 633, 640
(Fla. 1980) (all material made or received by an agency in connection with official business which is used to perpetuate, communicate, or formalize knowledge). And see, Seigle v. Barry,422 So.2d 63, 65 (Fla. 4th DCA 1982), review denied,431 So.2d 988 (Fla. 1983):
There can be no doubt that information stored on a computer is as much a public record as a written page in a book or a tabulation on a file stored in a filing cabinet. . . .
Accord Op. Att'y Gen. Fla. 89-39 (1989) (information stored in computers utilized by county commissioners to facilitate and conduct their official business is subject to Public Records Law).
[5] See, s. 119.07(3)(a), Fla. Stat. (1993).
[6] Section 119.011(3)(a), Fla. Stat. (1993).
[7] Section 119.011(3)(d)1., Fla. Stat. (1993). And see, Barfield v. Orange County, Florida, No. CI92-5913 (Fla. 9th Cir. Ct. August 4, 1992), holding that gang intelligence files compiled by the sheriff's office were exempt from disclosure.
[8] Section 119.011(3)(b), Fla. Stat. (1993).
[9] Section 119.011(3)(d)2., Fla. Stat. (1993).
[10] Section 943.03(7), Fla. Stat. (1993). Thompson v. State,342 So.2d 52 (Fla. 1976) (FDLE was created to provide the means for statewide enforcement of the criminal laws of Florida).
[11] See, s. 119.011(4), Fla. Stat. (1993), defining "criminal justice agency" to mean
any law enforcement agency, court, or prosecutor. The term also includes any other agency charged by law with criminal law enforcement duties, or any agency having custody of criminal intelligence information or criminal investigative information for the purpose of assisting such law enforcement agencies in the conduct of active criminal investigation or prosecution or for purpose of litigating civil actions under the Racketeer Influenced and Corrupt Organization Act, during the time that such agencies are in possession of criminal intelligence information or criminal investigative information pursuant to their criminal law enforcement duties. The term also includes the Department of Corrections.
[12] See, Tribune Company v. Public Records, 493 So.2d 480 (Fla. 2d DCA 1986), pet. for rev. denied sub nom., Gillum v. Tribune Company, 503 So.2d 327 (Fla. 1987).
[13] Cf., Wells v. Sarasota Herald Tribune Company, Inc.,546 So.2d 1105 (Fla. 2d DCA 1989) (investigative files of sheriff and state attorney were not inactive where an active prosecution began shortly after investigation was deemed by trial court to be inactive and files produced for inspection); News-Press Publishing Company, Inc. v. McDougall, No. 92-1193CA-WCM (Fla. 20th Cir. February 26, 1992) (criminal investigative file which had been inactive for three years could be "reactivated" and removed from public view when new developments prompted police to reopen case).